Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kaboblaw.com

Attorneys for Plaintiff Robert Michael Williams

Original Filed 11.26.07

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES, INC.; ASSET ACCEPTANCE, LLC; and NATIONAL CREDIT ADJUSTERS, LLC.<br><br>Defendants. | Case No. C 07-05956 CRB<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act 15 USC § 1681 *et seq*., Fair Debt Collection Practices Act, 15 USC§ 1692 et seq., and related state law claims.)<br><br>DEMAND FOR JURY TRIAL |

**Jurisdiction and Venue**

1. This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA). The court has jurisdiction pursuant to 15 USC §1681p. Plaintiff lives in this district and certain of the events complained of occurred here. Plaintiff brings claims against the defendant credit reporting agencies (Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. (collectively the "CRAs")) and the other

defendants based on violations of the Fair Credit Reporting Act. Plaintiff brings claims pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 *et seq*., against Pinnacle Credit Services, Inc., Asset Acceptance, LLC; and National Credit Adjusters, LLC and, pursuant to the Court's supplemental jurisdiction under 28 USC § 1367, state law claims against Asset Acceptance, LLC for its violations of California's identity theft statute, California Civil Code § 1798.92.

**Description of the Case**

2. The first claim involves the CRA defendants' failures to conduct a reasonable reinvestigation of information after receiving notice from plaintiff that he disputed that information and their failures to comply with other aspects of 15 USC § 1681i.

3. The second claim arises out of the failures of American Express Travel Related Services Company, Inc. ("AMEX"), Discover Financial Services ("Discover"), Asset Acceptance, LLC (Asset Acceptance), Pinnacle Credit Services, LLC ("Pinnacle"), and National Credit Adjusters, LLC ("National Credit") to fulfill their obligations under 15 USC § 1681s-2(b) relating to the reinvestigation they were required to do after they were notified by the CRA defendants that plaintiff disputed information that they reporting to them.

4. The third claim arises out of the debt collection practices of defendant Pinnacle, Asset Acceptance, and National Credit that violate the Fair Debt Collection Practices Act.

5. The fourth claim arises out of violations of California's identity theft statute by Pinnacle, Asset Acceptance, and National Credit by continuing their collection activities against plaintiff, without conducting a diligent investigation, after he notified them that he was the victim of identity theft.

**The Parties**

6. Plaintiff Robert Michael Williams ("plaintiff") is a consumer as defined by the FCRA, 15 USC §1681a(c), and a resident of Dublin, California.

7. Defendant Trans Union LLC ("Trans Union") is a Delaware limited liability corporation with its principal place of business in Chicago, Illinois. Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

8. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

9. Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation with its principal place of business in Atlanta, Georgia. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 USC § 1681a(f).

10. Trans Union, Equifax and Experian are sometimes referred to collectively as the CRA defendants.

11. Defendant American Express Travel Related Services Company, Inc. ("AMEX") is a credit card issuer. AMEX is a furnisher of information to the CRAs.

12. Defendant Discover Financial Services is a Delaware corporation and a credit card issuer. Discover is a furnisher of information to the CRAs.

13. Defendant Asset Acceptance, LLC is a Delaware corporation and debt collector that purchases old debt from banks.

14. Defendant Pinnacle Credit Services, LLC is a Minnesota corporation and debt collector.

15. Defendant National Credit Adjusters, LLC is a Kansas corporation and a debt collector.

**First Claim: The CRA Defendants' Violations of 15 USC § 1681i**

16. Plaintiff incorporates by reference paragraphs 1 through 15.

17. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)(A). The Act further requires the CRA, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the CRA to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the CRA is required to "review and consider all relevant information submitted by the consumer."

18. Within the two years preceding the filing of this complaint, plaintiff has notified each defendant CRA's herein of inaccuracies contained in that CRA's report on plaintiff and has asked each defendant to reinvestigate and correct the inaccuracies.

19. Each of the CRA defendants has failed to conduct a proper reinvestigation of the items of information that plaintiff has disputed.

20. On information and belief, each of the CRA defendants failed to provide timely and complete notification to the furnisher of the disputed information.

21. On information and belief, each of the CRA defendants failed to review and consider all relevant information submitted by plaintiff.

22. Each of the CRA defendants violated the provisions of 15 USC § 1681i in the respects alleged above and in other ways presently unknown to plaintiff, who will provide such information to defendants in discovery as it is uncovered. These violations by defendants were negligent and willful.

23. As a result of the above described violations of § 1681i, plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

24. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2) against each of the CRA defendants.

25. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Second Claim: Violations by AMEX, Discover, Asset Acceptance, Pinnacle & National Credit of 15 USC § 1681s-2(b)**

26. Plaintiff incorporates by reference paragraphs 1 through 15.

27. The FCRA requires a furnisher, after receiving notice from a CRA that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the CRA, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other CRAs to which the furnisher has provided the inaccurate information.

28. Within the last two years, the defendants AMEX, Discover, Asset Acceptance, Pinnacle & National Credit have furnished inaccurate information about plaintiff to the

CRAs.

29. Within the past two years, plaintiff has notified the CRA defendants that he disputes the inaccurate information reported by these defendants concerning him.

30. On information and belief, the CRAs have notified these defendants that plaintiff has disputed the information it has furnished concerning plaintiff.

31. On information and belief, the CRAs has provided these defendants with the relevant information plaintiff provided to the CRAs, as required of the CRAs by 15 USC § 1681i(a)(2).

32. These defendants negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an appropriate investigation, by failing to review all relevant information, by failing to report the results to the CRAs, and by failing to modify, delete or permanently block the reporting of the inaccurate information about plaintiff.

33. As a result of the above described violations of § 1681s-2(b), plaintiff has been damaged. Plaintiff continues to suffer actual damages and plaintiff will suffer more damages in the future.

34. Plaintiff requests punitive damages pursuant to 15 USC § 1681n(a)(2).

35. Plaintiff requests costs of the action together with reasonable attorney fees as determined by the court in accordance with 15 USC §§ 1681n(a) and 1681o(a).

**Third Claim: Violations by Asset Acceptance, Pinnacle & National Credit of 15 USC § 1692 *et seq*.**

36. Plaintiff incorporates by reference paragraphs 1 through 15.

37. Asset Acceptance, Pinnacle and National Credit are in the business of collecting debts in this state using the mail and telephone. Their principal purpose is the

collection of debts in this state. These defendants regularly attempt to collect debts alleged to be due to another.

38. Asset Acceptance, Pinnacle and National Credit are debt collectors as defined by the FDCPA, 15 USC § 1692a(6).

39. On September 11, 2007, plaintiff notified Asset Acceptance in writing that the accounts it was holding in plaintiff's name were due to identity theft and that the account had been re-aged by Asset Acceptance so as to ostensibly allow the CRAs to continue to report the debt. However, Asset Acceptance thereafter failed to cease and desist from its collection activities.

40. Each of the defendant debt collectors violated 15 USC § 1692e by using false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

41. The acts alleged above caused plaintiff damages, including emotional distress.

42. As a result of the above violations of the FDCPA, the defendant debt collectors are liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorneys fees.

**Fourth Claim: Asset Acceptance's Violation of the California's Identity Theft Statute, California Civil Code §§ 1798.92 *et seq*.**

43. Plaintiff is the "victim of identity theft" as defined in Civil Code § 1798.92(b) because he had his personal identification information used without authorization by another to obtain credit, goods, services, money or property and did not use or possess the credit, goods, services, money or property obtained by the identity theft, and filed a police report in this regard pursuant to section 530.5 of the Penal Code.

44. Asset Acceptance is a "claimant" as that term is defined in Civil Code § 1798.92(a) because it purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft.

45. After filing the police report and more than 30 days before filing this complaint, plaintiff notified Asset Acceptance, at the location designated by it for complaints relating to credit reporting issues to the extent it has made such designation and at other locations where they received his notice, that he is the victim of identity theft.

46. Asset Acceptance failed to investigate diligently plaintiff's notification of identity theft.

47. After plaintiff advised Asset Acceptance of the identity theft, Asset Acceptance continued its efforts to collect that account from him.

48. As a result of Asset Acceptance's violations of California's identity theft statute, plaintiff has suffered, now suffers, and will suffer in the future, actual damages. Plaintiff is unable at this time to quantify the amount of those damages but believes that are at least $25,000. The actual amount will be determined by the jury.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

On the First and Second Claims, which are against Trans Union, Experian, Equifax, AMEX, Discover, Asset Acceptance, Pinnacle & National Credit for violations of the Fair Credit Reporting Act:

1. Actual damages;
2. Punitive damages;
3. Costs of the action together with reasonable attorneys fees as determined by the court.

On the Third Claim, which is against Asset Acceptance, Pinnacle and National Credit

for violations of the Fair Debt Collection Practices Act:

1. A declaratory judgment that said defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages pursuant to 15 USC § 1692k;
4. Costs and reasonable attorney's fees pursuant to 15 USC § 1692k;
5. Such other relief as the Court may deem proper.

On the Fourth Claim against Asset Acceptance for violations of California's identity theft statute:

1. A declaration that he is not obligated to Asset Acceptance, or their agents or assigns for the obligation asserted in the complaint herein or for the account referenced in that action;
2. A declaration that any security interest or other interest Asset Acceptance purportedly obtained in plaintiff's property in connection with its claim or account is void and unenforceable;
3. An injunction restraining cross-defendants and their agents and assignees from collecting or attempting to collect from plaintiff on that claim or account, from enforcing or attempting to enforce any security interest or other interest in his property in connection with that claim or account, and from enforcing or executing on any judgment against plaintiff on that claim or account;
4. Actual damages of at least $25,000;
5. A civil penalty of $30,000 against defendant;
6. Attorney fees and costs;
7. Such other equitable relief as the court may deem appropriate.
8. Such other and further relief as the Court may deem proper.

Dated: November 26, 2007

KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff Robert Michael Williams

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: November 26, 2007 KEMNITZER, ANDERSON, BARRON, OGILVIE & BREWER LLP

By /s/ Mark F. Anderson
Mark F. Anderson
Attorney for Plaintiff Robert Michael Williams