**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE 714-668-2447
FACSIMILE 714-668-2490

Donald E. Bradley (State Bar No. 145037)
  d.bradley@mpglaw.com

Attorneys for Trans Union LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>        Plaintiff,<br><br>   vs.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES, INC.; ASSET ACCEPTANCE, LLC; and NATIONAL CREDIT ADJUSTERS, LLC.,<br><br>        Defendants. | Case No. 3:07-cv-05956-CRB<br><br>[Assigned to The Honorable Charles R. Breyer]<br><br>Complaint Filed: November 26, 2007<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** |

Defendant Trans Union LLC ("Trans Union") hereby answers the averments contained in the Complaint of Robert Michael Williams ("Plaintiff"). Trans Union's answers to Plaintiff's averments are intended to apply to Trans Union's actions and do not speak to the actions of other entities or persons.

## JURISDICTION AND VENUE

1.  Answering paragraph 1, Trans Union admits that this Court has jurisdiction as Plaintiff purportedly brings this action under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§1681 *et seq.* Trans Union, however, denies

563695.1

any implication that it is liable to Plaintiff or that Plaintiff's Complaint states a cause of action against Trans Union.

## DESCRIPTION OF THE CASE

2. Answering paragraph 2, Trans Union denies the allegations of this paragraph.

3. Answering paragraph 3, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

4. Answering paragraph 4, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

5. Answering paragraph 5, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## THE PARTIES

6. Answering paragraph 6, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

7. Answering paragraph 7, Trans Union admits the averments of this paragraph.

8. Answering paragraph 8, Trans Union admits the averments of this paragraph.

9. Answering paragraph 9, Trans Union admits the averments of this paragraph.

10. Answering paragraph 10, Trans Union admits the averments of this paragraph.

11. Answering paragraph 11, Trans Union admits the averments of this paragraph.

12. Answering paragraph 12, Trans Union admits the averments of this paragraph.

13. Answering paragraph 13, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

14. Answering paragraph 14, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

15. Answering paragraph 15, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## FIRST CLAIM: THE CRA DEFENDANTS' VIOLATIONS OF 15 U.S.C. § 1681i

16. Answering paragraph 16, Trans Union incorporates by reference its answers to paragraphs 1 through 15 above as though fully set forth herein.

17. Answering paragraph 17, the cited statutes speak for themselves.

18. Answering paragraph 18, Trans Union denies the allegations of this paragraph.

19. Answering paragraph 19, Trans Union denies the allegations of this paragraph.

20. Answering paragraph 20, Trans Union denies the allegations of this paragraph.

21. Answering paragraph 21, Trans Union denies the allegations of this paragraph.

22. Answering paragraph 22, Trans Union denies the allegations of this paragraph.

23. Answering paragraph 23, Trans Union denies the allegations of this paragraph.

24. Answering paragraph 24, Trans Union denies the allegations of this paragraph.

25. Answering paragraph 25, Trans Union denies the allegations of this paragraph.

## SECOND CLAIM: VIOLATIONS BY AMEX, DISCOVER, ASSET ACCEPTANCE, PNNACLE & NATIONAL CREDIT OF 15 U.S.C. § 1681s-2(b)

26. Answering paragraph 26, Trans Union incorporates by reference its answers to paragraphs 1 through 15 above as though fully set forth herein.

27. Answering paragraph 27, the cited statute speaks for itself.

28. Answering paragraph 28, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

29. Answering paragraph 29, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

30. Answering paragraph 30, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

31. Answering paragraph 31, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

32. Answering paragraph 32, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

33. Answering paragraph 33, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

34. Answering paragraph 34, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

35. Answering paragraph 35, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## THIRD CLAIM: VIOLATIONS BY ASSET ACCEPTANCE, PINNACLE & NATIONAL CREDIT OF 15 U.S.C. § 1692 *et seq*.

36. Answering paragraph 36, Trans Union incorporates by reference its answers to paragraphs 1 through 15 above as though fully set forth herein.

37. Answering paragraph 37, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

38. Answering paragraph 38, Trans Union admits the averments of this paragraph.

39. Answering paragraph 39, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

40. Answering paragraph 40, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

41. Answering paragraph 41, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

42. Answering paragraph 42, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

# FOURTH CLAIM: ASSET ACCEPTANCE'S VIOLATION OF THE CALIFORNIA'S IDENTITY THEFT STATUTE, CALIFORNIA CIVIL CODE §§ 1798.92 *et seq*.

43. Answering paragraph 43, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

44. Answering paragraph 44, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

45. Answering paragraph 45, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

46. Answering paragraph 46, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

47. Answering paragraph 47, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

48. Answering paragraph 48, Trans Union lacks sufficient information or belief to admit or deny the averments of this paragraph, and on that basis denies them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

### SECOND DEFENSE

2. On information and belief, Trans Union alleges that any purported damages to Plaintiff, which Trans Union continues to deny, are the result of the acts

or omissions of third parties over whom Trans Union has neither control nor responsibility.

### THIRD DEFENSE

3. Some or all of Plaintiff's claims against Trans Union are barred by applicable statutes of limitations, including, but not limited to, 15 U.S.C. §1681p.

### FOURTH DEFENSE

4. Trans Union has complied with the provisions of the FCRA, 15 U.S.C. §§1681a-x, in its handling of Plaintiff's credit files, and is entitled to each and every defense afforded to it by that Act.

### FIFTH DEFENSE

5. Plaintiff, though under a duty to do so, has failed and neglected to reasonably mitigate his alleged damages and, therefore, cannot recover against Trans Union, whether as alleged, or otherwise.

### SIXTH DEFENSE

6. Without admitting that it has the burden of proof on the issue, Trans Union alleges that at all times relevant to the Complaint, it followed reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit reports.

### SEVENTH DEFENSE

7. At all times relevant to the Complaint, Trans Union conducted proper reinvestigation procedures concerning Plaintiff in preparing consumer reports related to Plaintiff.

### EIGHTH DEFENSE

8. Any credit report or other information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

## NINTH DEFENSE

9. Trans Union is informed and believes, and thereon alleges, that any purported damages sustained by Plaintiff, were, in whole or in part, caused by his own actions and resulted from Plaintiff's own negligence, equal to or exceeding any alleged wrongdoing by Trans Union.

## TENTH DEFENSE

10. Trans Union is informed and believes, and thereon alleges, that Plaintiff's Complaint is barred by the doctrine of Unclean Hands.

## ELEVENTH DEFENSE

11. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by res judicata.

## TWELFTH DEFENSE

12. Trans Union is informed and believes, and thereon alleges, that some or all of Plaintiff's claims are barred by collateral estoppel.

## THIRTEENTH DEFENSE

13. Trans Union reserves the right to assert additional defenses that it may learn of through the course of discovery.

## PRAYER

WHEREFORE, Defendant Trans Union LLC prays as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. That the Complaint be dismissed in its entirety as to Trans Union;
3. That Trans Union be awarded its costs of suit and reasonable attorneys' fees incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

1  DATED: December 26, 2007          MUSICK, PEELER & GARRETT LLP

3                                    By:  /s/ Donald E. Bradley
                                         Donald E. Bradley
4                                        Attorneys for Trans Union LLC

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On December 26, 2007, I served the foregoing document(s) described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**See Attached List**

☐ **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☐ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒ **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐ **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

Executed on December 26, 2007, at Costa Mesa, California.

☒ (**Federal**) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    /s/ Karen S. Reisner
Karen S. Reisner

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW

563695.1

10

|   |   |
|---|---|
| 1 | **SERVICE LIST** |

Mark F. Anderson
Kemnitzer Anderson Barron & Ogilvie LLP
445 Bush St., 6th Floor
San Francisco, CA 94108
Phone: 415-861-2265
Fax: 415-861-3151
mark@kabolaw.com

James Edward Heffner
Reed Smith
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Phone: 415-659-5996
jeheffner@reedsmith.com

David L. Wallach
Jones Day
555 California St., 26th Floor
San Francisco, CA 94104
Phone: 415-875-5827
Fax: 415-875-5700
dwallach@jonesday.com

**MUSICK, PEELER & GARRETT LLP**

ATTORNEYS AT LAW

563695.1

11