THOMAS P. QUINN, JR.  (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS,INC., EQUIFAX INFORMATION SERVICES, LLC. AMERICAN EXPRESS TRAVEL RELATED SERVICES INC., DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES INC; ASSET ACCEPTANCE LLC; and NATIONAL CREDIT ADJUSTERS, LLC,<br><br>Defendants. | Case No:  C 07-05956 CRB<br><br>**ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC.** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") hereby submits its answer and defenses to Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

1. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

///

///

- 1 –

ANSWER OF EQUIFAX INFORMATION SERVICES
Case No: C07 05956-CRB

## DESCRIPTION OF THE CASE

2. In response to Paragraph 2 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action for CRA defendants' failures to conduct a reasonable reinvestigation of information and failures to comply with aspects of the FCRA, all of which Equifax denies any liability.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. In response to Paragraph 4 of Plaintiff's Complaint, Equifax admits that Plaintiff purports to bring this action for violation of the FDCPA, all of which Equifax denies any liability to Plaintiff.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## THE PARTIES

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Equifax admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Equifax admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**First Claim: The CRA Defendants' Violations of 15 USC § 1681i**

16.     In response to Paragraph 16 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

17.     In response to Paragraph 17 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

18.     Equifax states that it has not yet completed its investigation into Plaintiff's disputes and, therefore, Equifax is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Equifax denies the allegations contained in Paragraph 19 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Equifax denies the allegations contained in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Equifax denies the allegations contained in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Equifax denies the allegations contained in Paragraph 22 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Equifax denies the allegations contained in Paragraph 23 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Equifax denies the allegations contained in Paragraph 24 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Equifax denies the allegations contained in Paragraph 25 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

**Second Claim: Violations by AMEX, Discover, Asset Acceptance, Pinnacle & National Credit of 15 USC §1681s-2(b)**

26. In response to Paragraph 26 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

27. In response to Paragraph 27 of Plaintiff's Complaint, Equifax states that the provisions of the FCRA speak for themselves.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Equifax states that it has not yet completed its investigation into Plaintiff's disputes and, therefore, Equifax is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

1     32.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

    33.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

    34.    Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 34 of Plaintiff's Complaint.

    35.    Equifax denies that Plaintiff is entitled to any of the relief set forth in Paragraph 35 of Plaintiff's Complaint.

### Third Claim: Violations by Asset Acceptance, Pinnacle & National Credit of 15 USC §1692 et seq.

    36.    In response to Paragraph 36 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.

    37.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

    38.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

    39.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

    40.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint.

    41.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

    42.    Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

///
///
///

**Fourth Claim: Asset Acceptance's Violation of the California's Identity Theft Statute, California Civil Code §§ 1798.92 et seq.**

43. In response to Paragraph 43 of Plaintiff's Complaint, Equifax reasserts and realleges its responses and defenses as set forth above.  Equifax further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**PRAYER**

49. Equifax denies that Plaintiff is entitled to any of the relief set forth in his prayer for relief.

**DEFENSES**

50. Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

**FIRST DEFENSE**

51. Plaintiff's Complaint  fails to state a claim against Equifax upon which relief can be granted.

**SECOND DEFENSE**

52. Plaintiff's claims are, or may be, barred by the applicable statute of limitations.

### THIRD DEFENSE

53. Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### FOURTH DEFENSE

54. To the extent that plaintiff alleges that Equifax violated the FCRA, CCCRA or other similar statute, Equifax is entitled to, and asserts, each and every defense and limitation of liability provided by said acts.

### FIFTH DEFENSE

55. Some, or all, of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

### SIXTH DEFENSE

56. Equifax maintained reasonable procedures to assure the maximum possible accuracy in its credit reports.

### SEVENTH DEFENSE

57. The Complaint, and each and every cause of action stated therein, is barred by the provisions of CCRAA §§1785.31, 1785.32 and 1785.33.

### EIGHTH DEFENSE

58. The Complaint is barred by Plaintiff's failure to mitigate his damages, if any.

### NINTH DEFENSE

59. Equifax's publication of information about Plaintiff, if any, was privileged and justified.

### TENTH DEFENSE

60. Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

### ELEVENTH DEFENSE

61. Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW v. Gore, 517 U.S.

559 (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001) and <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003).

### TWELFTH DEFENSE

62. Any allegation of the Complaint not expressly admitted is denied.

### THIRTEENTH DEFENSE

63. Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE,** this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint on file herein, and that the same be dismissed;
2. For costs of suit and attorney's fees herein; and
3. For such other and further relief as the Court may deem just and proper.

NOKES & QUINN

Dated: January 23, 2008        /s/ THOMAS P. QUINN, JR.
THOMAS P. QUINN, JR.,
Attorneys for Defendant EQUIFAX
INFORMATION SERVICES, LLC

Of Counsel:

Cara Hergenroether, Esq.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100