Mark F. Anderson (SBN 44787)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
mark@kabolaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT MICHAEL WILLIAMS,** | Case No. CV 07 5956 CRB |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al,** | **Hearing Date: February 29, 2008** |
| Defendants. | **Time: 8:30 AM** |
| | **Courtroom 8, 19th Floor** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Defendants conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's Order dated November 26, 2007, Setting Initial Case Management Conference and ADR Deadlines.  The parties hereby submit their Joint Case Management Statement:

1. **BASIS FOR JURISDICTION AND SERVICE**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  Consequently, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p.  All parties have been served.

2. **STATEMENT OF FACTS**

Plaintiff:

1. Plaintiff Robert Michael Williams alleges that defendants violated the FCRA. Plaintiff's first claim is that defendants failed to conduct a reasonable reinvestigation of information after receiving notice from plaintiff that he disputed that information and their

1  failures to comply with other aspects of 15 USC § 1681i.

2         Plaintiff's second claim arises out of the failures of DFS Services LLC (erroneously sued as

3  Discover Financial Services) ("Discover"), Asset Acceptance, LLC (Asset Acceptance),  and

4  Pinnacle Credit Services, LLC ("Pinnacle"), to fulfill their obligations under 15 USC § 1681s-2(b)

5  relating to the reinvestigation they were required to do after they were notified by the CRA

6  defendants that plaintiff disputed information that they  reporting to them.

7         Plaintiff's third claim arises out of the debt collection practices of defendant Pinnacle and

8  Asset Acceptance that violate the Fair Debt Collection Practices Act.

9         Plaintiff's fourth claim arises out of violations of California's identity theft statute by

10  Pinnacle and Asset Acceptance by continuing their collection activities against plaintiff, without

11  conducting a diligent investigation, after he notified them that he was the victim of identity theft.

12         Plaintiff has reached settlements with former defendants National Credit Adjusters LLC and

13  American Express Travel Related Services. Plaintiff and Pinnacle Credit Services, Inc. have reached

14  a settlement, but it is not finalized.

15         Defendants' statements:

16         Experian:  Experian is a national credit reporting agency.  Experian essentially functions as a

17  storehouse of credit information concerning hundreds of millions of consumers nationwide,

18  collecting and storing credit information originated by others.  Experian does not generate credit

19  information itself, nor does it make loans, decide who should receive credit, or set loan terms.  It

20  serves as a conduit for credit information that it obtains from Experian's customers or "subscribers,"

21  which include banks, retailers, finance companies, and collection agencies.  Because its subscriber

22  businesses have a direct relationship with consumers, Experian relies on its subscribers to provide

23  information about the subscribers' customers, including identifying information, type and amount of

24  credit extended, and credit performance.

25         Experian is still investigating Plaintiff's claims and his alleged communications with

26  Experian.  As a result, Experian cannot comment on Plaintiff's specific factual allegations.

27  Experian, however, denies that it violated the FCRA negligently or intentionally.  Experian

28

Joint Case Management Conference Statement in *Williams v Experian, No C 0705956* CRB          2

1  maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports.

2  Additionally, it is Experian's position that its reinvestigation policies and procedures are reasonable.

3  Any damages Plaintiff may have sustained, therefore, were not caused by Experian.

4        Trans Union: Trans Union maintains reasonable procedures designed to ensure the

5  maximum possible accuracy of the information it reports.  Trans Union accepted information

6  regarding Plaintiff from reliable sources.  Trans Union investigated Plaintiff's disputes made with it

7  and timely reported the results of those investigations to Plaintiff.  Trans Union also updated the

8  information contained in Plaintiff's Trans Union credit files pursuant to those investigations when

9  warranted.  Trans Union is still investigating Plaintiff's claims and his communications with Trans

10 Union, and, therefore, cannot comment further on the factual allegations at this time.  Trans Union

11 may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under

12 1681s-2(b).  Even if Plaintiff has suffered any compensable damage, the damage was not caused by

13 Trans Union.  Trans Union has not acted with negligence, malice, or intent to harm Plaintiff.  Trans

14 Union has not acted in reckless or conscious disregard for the rights of Plaintiff.  Some of Plaintiff's

15 claims or alleged damages may be barred by the applicable statute of limitations.  Trans Union's

16 investigation into the facts and circumstances of this case is ongoing.

17        DFS Services LLC (erroneously sued as Discover Financial Services):  Discover is still

18 investigating Plaintiff's allegations in this action.  As a result, Discover cannot comment on

19 Plaintiff's specific factual allegations, but denies that it violated the FCRA negligently or

20 intentionally, or that Plaintiff's alleged injuries and damages, if any, were caused by Discover.

21 Discover maintains that at all times it employed reasonable procedures in reporting Plaintiff's credit

22 information and complied with its responsibilities under the FCRA at all times.

23        Equifax:

24        Equifax complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681

25 et seq. and denies the claims asserted by Plaintiff.  Equifax maintains reasonable procedures to

26 assure the maximum possible accuracy of the credit files in its database, including the Plaintiff's

27 credit file.  Equifax timely reinvestigated the Plaintiff's disputes.  Equifax denies that it caused

Plaintiff's damages, if any. Plaintiff's alleged injuries and damages, if any, were directly and legally caused by the acts or omissions of third persons over whom Equifax had neither control nor responsibility and/or resulted from an intervening proximate cause.

Asset Acceptance, LLC:

Asset Acceptance is still investigating Plaintiff's claims.  At this time, Asset denies all material allegations of Plaintiff's complaint, denies that it violated state or federal law, and denies that any of its conduct was the proximate cause of any damage to Plaintiff.  Asset Acceptance will be filing an Answer in this action which will assert further denials and affirmative defenses.

**3.     LEGAL ISSUES**

Plaintiff:

One legal issue is whether the defendants Experian, Equifax and Trans Union conducted a reasonable reinvestigation of allegedly inaccurate items on Plaintiff's credit reports.  A second legal issue is whether defendant furnishers complied with their obligations under the FCRA, assuming they were properly notified of inaccurate reporting. A third legal issue is whether Plaintiff's alleged state law claims against Asset Acceptance are preempted by the Fair Credit Reporting Act.

**4.     MOTIONS**

Plaintiff:

Plaintiff does not anticipate filing any motions at this time.

Defendants:

The defendants anticipate that each will file a motion for summary judgment or partial adjudication.

**5.     AMENDMENT OF PLEADINGS**

The parties do not intend to amend the currently filed pleadings.

**6.     EVIDENCE PRESERVATION**

Plaintiff:

Plaintiff will preserve relevant evidence, including electronically filed documents.

Defendants:

Defendants are aware of their responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and are not aware of any document- or data-destruction program that would prevent them from fulfilling their responsibilities.

**7.    DISCLOSURES**

The parties are making their Rule 26 initial disclosures within 14 days of the case management conference.

**8.    DISCOVERY**

The Parties do not require any limitations on discovery.  The Parties will meet and confer regarding the terms of a Proposed Stipulated Protective Order.

Plaintiff:

Plaintiff may take depositions of persons most knowledgeable concerning the facts of this case.

Defendants:

Defendants will take the deposition of Plaintiff and of any other persons revealed by discovery to have personal knowledge of the matters in dispute.  Factual issues with respect to which discovery will be needed include:

- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information with Experian, Equifax and Trans Union.

- Facts and circumstances surrounding the respective Defendant credit reporting agencies' reports of credit information related to Plaintiff.

- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant furnishers of information.

- Whether Defendants Experian, Equifax and Trans Union negligently and/or willfully violated the Fair Credit Reporting Act as it relates to furnishers of credit information.

- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.

- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.

- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Plaintiff is claiming damages for emotional distress, denial of credit and, in addition, punitive damages.

**12.    SETTLEMENT & ADR**

The parties filed a stipulation that they will mediate the case within 90 days of the Court's order approving the stipulation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

None of the parties agree to try the case before a Magistrate Judge.

**14.    OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

The parties agree it is premature to attempt to narrow the issues.

**16.    EXPEDITED SCHEDULE**

The parties see no need for streamlined procedures or an expedited schedule.

**17.    SCHEDULING**

The parties request a trial date of November 2008 or such date as may be convenient to the Court.

**18.    TRIAL**

Plaintiff requests a trial by jury and opposes bifurcation.  The parties estimate that this case will take 3 to 5 days.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff has no financial disclosures to make.

1    Defendants have filed their certification of interested parties.

2    The persons identified by Defendant Experian are: "GUS, PLC, which is its parent company

3    owning 100 percent of Experian Information Solutions, Inc."

4    Defendant Trans Union disclosed that Trans Union Corp. may have some interest in this

5    matter.

6    Defendant Equifax disclosed that it is a wholly-owned subsidiary of Equifax, Inc.

7    Defendant DFS Financial Services LLC is a subsidiary of Discovery Financial Services,

8    which is a publicly-traded company.

9    Defendant Asset Acceptance, Inc. LLC is a Delaware limited liability company and it is a

10   wholly-owned subsidiary of Asset Acceptance Capital Corporation, a Delaware corporation,

11   which is publicly-traded on the NASDAQ as "AACC."

12   Dated: February 22, 2008.

13                                                    /s/Mark F. Anderson
                                                      Mark F. Anderson
14                                                    Kemnitzer, Anderson, Barron, Ogilvie &
                                                      BrewerLLP
15                                                    445 Bush Street, 6th Floor
                                                      San Francisco, CA 9411
16                                                    Phone: (415) 623-3784, ext 101
                                                      Fax: (415) 861-3151
17                                                    email: mark@kabolaw.com
                                                      Attorney for Plaintiff Robert Michael Williams
18
19   Dated: February 22, 2008.

20                                                    /s/David L. Wallach
                                                      David L. Wallach
21                                                    JONES DAY
                                                      555 California Street, 26th Floor
22                                                    San Francisco, CA 94104-1500
                                                      Phone: (415) 875-5715
23                                                    Fax: (415) 875-5700
                                                      email: dwallach@jonesday.com
24                                                    Attorneys for Experian Information Solutions,
                                                      Inc.
25   //

26   //

27   //

28

Dated:  February 22, 2008.

/s/ Tomio B Narita
Jeffrey A Topor
Simmons & Narita LLP
44 Montgomery St, Ste 3010
San Francisco, CA 94104-4816
Phone: (415) 283-1000
Fax: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com
Attorneys for Asset Acceptance, Inc.

Dated:  February 22, 2008.

/s/ Donald E. Bradley
Musick, Peeler & Garrett LLP
650 Town Center Drive, Ste 1200
Costa Mesa, CA 92626-2447
Phone: (714) 688-2447
Fax: (714) 668-2490
d.bradley@mpglaw.com
Attorneys for Trans Union LLC

Dated:  February 22, 2008.

/s/David S. Reidy
REED SMITH
Two Embarcadero Center, Ste 2000
San Francisco, CA 94111-3922
Phone 415.543.8700
Fax: 415.391.8269
dreidy@reedsmith.com
Attorneys for DFS Services LLC

Dated:  February 22, 2008.

/s/Thomas P. Quinn, Jr.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CAQ 92651
Phone: 949.376.3055
Fax: 949.376.3070
tquinn@nokesquinn.com
Attorneys for Equifax Information Services
LLC

Dated:  February 22., 2008.

/s/Timothy P. Johnson
Johnson & Chambers
17821 E. 17th St, Ste 290
Tustin, CA 92780
Phone 714.832.1170
Fax: 714.832.1179
tjohnson@johnson-chambers.com
Attorneys for Pinnacle Credit Services, Inc.