TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRANS UNION LLC, EXPERIAN ) <br> INFORMATION SOLUTIONS, ) <br> INC.; EQUIFAX INFORMATION ) <br> SERVICES, LLC; AMERICAN ) <br> EXPRESS TRAVEL RELATED ) <br> SERVICES; DISCOVERY ) <br> FINANCIAL SERVICES; ) <br> PINNACLE CREDIT SERVICES, ) <br> INC.; ASSET ACCEPTANCE, LLC; ) <br> and NATIONAL CREDIT ) <br> ADJUSTERS, LLC ) <br> ) <br> Defendants. ) <br> ) | CASE NO.: 3:07-CV-05956 CRB <br><br> **ANSWER OF DEFENDANT ASSET ACCEPTANCE, LLC TO COMPLAINT** |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff ROBERT MICHAEL WILLIAMS ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and California Civil Code § 1798.92. Defendant further admits that Plaintiff alleges that this Court has jurisdiction pursuant to 15 U.S.C. § 1681p and supplemental jurisdiction for Plaintiff's state law claims pursuant to 15 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 2 of the Complaint and on that basis, denies them.

3. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 3 of the Complaint and on that basis, denies them.

4. Denied.[1]

5. Denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits on information and belief that Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c) and that Plaintiff is a resident of Dublin, California. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. Defendant admits, on information and belief, the allegations of Paragraph 7 of the Complaint.

---

[1] Where Plaintiff has made allegations as to more than one defendant generally, defendant Asset Acceptance, LLC has responded only on its own behalf as it lacks sufficient knowledge to form a belief as to the conduct of the other defendants in this action.

8. Defendant admits, on information and belief, the allegations of Paragraph 8 of the Complaint.

9. Defendant admits, on information and belief, the allegations of Paragraph 9 of the Complaint.

10. Defendant admits, on information and belief, the allegations of Paragraph 10 of the Complaint.

11. Defendant admits, on information and belief, the allegations of Paragraph 11 of the Complaint.

12. Defendant admits, on information and belief, the allegations of Paragraph 12 of the Complaint.

13. In answering Paragraph 13 of the Complaint, Defendant admits that it is a Delaware limited liability company that has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and that it has, at times, purchased charged-off receivables from banks. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 14 of the Complaint and on that basis, denies them.

15. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 14 of the Complaint and on that basis, denies them.

16. Defendant incorporates by reference paragraphs 1 through 15 above as if fully stated herein.

17. Defendant avers that no response to Paragraph 17 is required of it.

18. Defendant avers that no response to Paragraph 18 is required of it.

19. Defendant avers that no response to Paragraph 19 is required of it.

20. Defendant avers that no response to Paragraph 20 is required of it.

21. Defendant avers that no response to Paragraph 21 is required of it.

22. Defendant avers that no response to Paragraph 22 is required of it.

23. Defendant avers that no response to Paragraph 23 is required of it.

24. Defendant avers that no response to Paragraph 24 is required of it.

25. Defendant avers that no response to Paragraph 25 is required of it.

26. Defendant incorporates by reference paragraphs 1 through 15 above as if fully stated herein.

27. In answering Paragraph 27 of the Complaint, Defendant avers that the contents of the FCRA, 15 U.S.C. § 1681 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28. Denied.

29. Defendant admits, on information and belief, the allegations of Paragraph 29 of the Complaint.

30. Admitted.

31. In answering Paragraph 31 of the Complaint, Defendant admits that it received Automated Credit Dispute Verification forms via E-Oscar from Equifax Information Services, Inc., Experian Information Solutions, Inc. and Trans Union, LLC related to certain of Plaintiff's accounts owned by Defendant. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. Denied.

33. Denied.

34. In answering Paragraph 34 of the Complaint, Defendant denies that there are any grounds for the recovery of punitive damages by Plaintiff in this action.

35. In answering Paragraph 35 of the Complaint, Defendant denies that there are any grounds for the recovery of costs and attorneys' fees by Plaintiff in this action.

36. Defendant incorporates by reference paragraphs 1 through 15 above as if fully stated herein.

37. In answering Paragraph 37 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and that it has conducted interstate business with residents of California using the mail and telephone. Except as herein admitted, the remaining allegations of Paragraph 37 are denied.

38. In answering Paragraph 38 of the Complaint, Defendant admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39. In answering Paragraph 39 of the Complaint, Defendant admits that it received a letter from Plaintiff dated September 11, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 43 of the Complaint and on that basis, denies them.

44. Defendant lacks sufficient knowledge to form a belief as to the allegations of Paragraph 44 of the Complaint and on that basis, denies them.

45. In answering Paragraph 45 of the Complaint, Defendant admits that it received a letter from Plaintiff dated September 11, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 45 are denied.

46. Denied.

47. In answering Paragraph 47 of the Complaint, Defendant denies that Plaintiff properly advised Defendant of the alleged identity theft consistent with the requirements of Cal. Civ. Code § 1798.93. Defendant denies the remaining allegations of Paragraph 47 of the Complaint.

48. Denied.

# AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the account at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or

any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendants denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid accounts, including any recoverable interest and attorneys' fees.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to assert his claims against Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiff's claims under state law are barred in whole or in part by the doctrine of preemption.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff costs according to proof.

3. That Defendant recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: February 22, 2008        SIMMONDS & NARITA LLP
                                TOMIO B. NARITA
                                JEFFREY A. TOPOR


                                By:   s/Tomio B. Narita
                                      Tomio B. Narita
                                      Attorneys for Defendant
                                      Asset Acceptance, LLC