Robert Michael Williams
269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212
Ph: (310) 270-7194   Fax: (925) 828-0734
twmeg@aol.com

**ORIGINAL**

05 MAY 15 PM 2:41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; DISCOVER FINANCIAL SERVICES, LLC; PINNACLE CREDIT SERVICES, INC.; and ASSET ACCEPTANCE, LLC. <br><br> Defendants. | Case No.: CV 07 05956 CRB <br><br> PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF <br><br> Hearing date: June 27, 2008 <br> Time:             10:00 A.M. <br> Courtroom:   8, 19th Floor <br> Judge:           Hon. Charles Breyer |

1.  In his Motion, Mr. Mark F. Anderson has shown his inability to separate his personal feelings from his professional conduct by engaging in baseless and unnecessary personal attacks against Plaintiff and his wife.

2.  Mr. Anderson incorrectly asserts that, "Mrs. Williams professes to have a deep understanding of all factual and legal aspects of this action. Mrs. Williams acts as both the lawyer for her husband and the person who makes decisions for her husband in this action," when, in fact, Mr. Anderson was unaware of Plaintiff's wife's educational background up until two weeks ago. More importantly, Plaintiff directly communicated with Mr. Anderson his position regarding all aspects of this litigation. However, Mr. Anderson repeatedly

ignored Plaintiff's directives and acted outside of his authority, and now tenders these untrue statements maligning Plaintiff and his wife in an apparent attempt to deflect attention for his unprofessional and unethical conduct. Attached hereto and made a part hereof as **Exhibit "A"** is a Declaration of Plaintiff.

3.   In spite of Mr. Anderson's untrue statements in his Declaration, Plaintiff, who holds a B.S. and M.S. from Yale and an M.D. and Ph.D. from Harvard, is capable of making his own decisions, and has made his own decisions in this action.

4.   The professional relationship between Mr. Anderson and Plaintiff broke down because of Mr. Anderson's inability to allow Plaintiff to inquire as to the status of this case, and his inability to accept input in the preparation and presentation of this case on behalf of Plaintiff, and specifically, for the following reasons:

(a)   Mr. Anderson unethically entered into settlement agreements and dismissed certain Defendants without Plaintiff's knowledge and consent and then forced Plaintiff to ratify the unacceptable settlements by berating Plaintiff and his wife, engaging in angry outbursts and verbal abuse, and thereafter, repeatedly refused to provide Plaintiff with copies of the signed settlement agreements and a breakdown of accounting of the fees and costs. Since the entirety of settlement funds were retained by Mr. Anderson, Plaintiff does not know the entire amount paid;

(b)   Mr. Anderson made numerous documented errors that even a first year law student would not make, and when the errors were brought to his attention, he engaged in angry outbursts, and on rare occasions, he would justify his errors by saying, "I didn't pay any attention so". Mr. Anderson also made multiple misrepresentations, and he frequently

1  contradicted his own written statements and then engaged in verbal abuse when these
2  contradictions were brought to his attention;
3          (c)     Mr. Anderson refused to conduct proper discovery, and refused to
4  provide Plaintiff with copies of pleadings, documents and correspondence received from
5  Defendants, including settlement proposals;
6
7          (d)     Mr. Anderson was frequently rude, disrespectful, unprofessional, made
8  frequent derogatory remarks about women, and constantly belittled Plaintiff's wife, and he
9  made impulsive and unilateral decisions against the interests of Plaintiff without ever
10 consulting with Plaintiff; and
11         (e)     Mr. Anderson claimed to know all of the necessary facts of this case
12 without having made a reasonable inquiry, which led to his making numerous erroneous
13
14 assumptions, and then engaging in unjustifiable and abusive attacks when the errors were
15 brought to his attention.
16      5.      Contrary to Mr. Anderson's erroneous assumption, Plaintiff has a new counsel.
17 However, because of Mr. Anderson's unprofessional conduct, Plaintiff's new attorney has
18 requested that an order vacating the appearance of Mr. Anderson in this matter be entered
19 prior to the filing of an appearance by the new counsel on behalf of Plaintiff.
20
21      6.      On April 11, 2008, Plaintiff informed Mr. Anderson that he no longer desired
22 his services, at which time, Mr. Anderson insisted upon continuing the representation and he
23 agreed to cease engaging in independent actions against Plaintiff's interests, and to cease
24 engaging in abusive and unprofessional conduct toward Plaintiff and/or his wife.
25      7.      In order to avoid misunderstandings, on April 13, 2008, Plaintiff sent a letter to
26 Mr. Anderson setting forth his expectations in regard to Mr. Anderson's representation, and
27
28 *Plaintiff's Response to Motion for Leave to Withdraw*
   *William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                                    3

1  asking Mr. Anderson to withdraw if he disagreed.  Mr. Anderson stated that he agreed with

2  the terms set forth in Plaintiff's letter, but, a week later, Mr. Anderson returned to his previous

3  unprofessional and abusive conduct.

4      8.    Since Mr. Anderson was not willing to withdraw from the case and since

5  Plaintiff was no longer able to tolerate Mr. Anderson's inappropriate behavior, Plaintiff, on

6

7  April 25, 2008, contacted Mr. Anderson and demanded that he send settlement letters to each

8  Defendant to resolve the matter expeditiously in order to allow a quick resolution of both the

9  within cause, and the representation of Mr. Anderson on behalf of Plaintiff.

10      9.    On May 12, 2008, after Plaintiff clearly informed Mr. Anderson the terms

11  under which he would settle this case against Defendant Pinnacle, Mr. Anderson entered

12  into a settlement agreement without Plaintiff's knowledge and consent, and then attempted to

13

14  force Plaintiff to sign the settlement agreement dismissing Defendant Pinnacle in exchange

15  for Defendant Pinnacle providing a signed declaration containing untrue statements, which

16  statements Mr. Anderson knew to be untrue, and then expressed an intention to use the

17  declaration against one of the Defendant in this action.  Because Plaintiff was uncomfortable

18  with Mr. Anderson's actions and the untrue statements, Plaintiff informed Mr. Anderson that

19  the attorney/client relationship was terminated on May 12, 2008.

20      10.    For the reasons stated above, Plaintiff respectfully requests that this Court grant

21

22  Mr. Anderson's request to withdraw his Appearance as counsel for Plaintiff.

23  Dated: May 15, 2008                  Respectfully Submitted,

24

25

26  By: *L. Michael Williams* (signature)

Plaintiff Robert Michael Williams

27

28  *Plaintiff's Response to Motion for Leave to Withdraw*
*William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                  4

**Exhibit A**

ORIGINAL

Robert Michael Williams
269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212
Ph: (310) 270-7194   Fax: (925) 828-0734
twmeg@aol.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; DISCOVER FINANCIAL SERVICES, LLC; PINNACLE CREDIT SERVICES, INC.; and ASSET ACCEPTANCE, LLC.<br><br>Defendants. | Case No.: CV 07 05956 CRB<br><br>DECLARATION OF ROBERT MICHAEL WILLIAMS IN SUPPORT OF HIS RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF<br><br>Hearing date: June 27, 2008<br>Time:          10:00 A.M.<br>Courtroom:  8, 19th Floor<br>Judge:         Hon. Charles Breyer |

I, Robert Michael Williams, on oath depose and declare as follows:

1. I am the Plaintiff in the within cause of action.

2. Mr. Anderson was unaware of my wife's educational background up until two weeks ago, and more importantly, I directly communicated with Mr. Anderson my position regarding all aspects of this litigation. However, Mr. Anderson repeatedly ignored my directives and acted outside of his authority, and now tenders these untrue statements maligning me and my wife in an apparent attempt to deflect attention for his unprofessional and unethical conduct.

3. The professional relationship between Mr. Anderson and I broke down because of Mr. Anderson's inability to allow me to inquire as to the status of this case, and his

*Declaration of Robert Michael Williams in Support of his Response to Motion for Leave to Withdraw*
*William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                                                        1

inability to accept input in the preparation and presentation of this case on my behalf, and specifically, for the following reasons:

(a) Mr. Anderson unethically entered into settlement agreements and dismissed certain Defendants without my knowledge and consent and then forced me to ratify the unacceptable settlements he independently made by berating me and my wife, engaging in angry outbursts and verbal abuse, and thereafter, repeatedly refused to provide me with copies of the signed settlement agreements and a breakdown of accounting of the fees and costs. Since the entirety of settlement funds were retained by Mr. Anderson, I do not even know the entire amount paid;

(b) Mr. Anderson made numerous documented errors that even a first year law student would not make, and when the he errors were brought to his attention, he engaged in angry outbursts, and on rare occasions, he would justify his errors by saying, "I didn't pay any attention so". Mr. Anderson also made multiple misrepresentations, and he frequently contradicted his own written statements and then engaged in verbal abuse when these contradictions were brought to his attention;

(c) Mr. Anderson refused to conduct proper discovery, and refused to provide me with copies of pleadings, documents and correspondence received from Defendants, including settlement proposals;

(d) Mr. Anderson was frequently rude, disrespectful, unprofessional, made frequent derogatory remarks about women, and constantly belittled my wife, and he made impulsive and unilateral decisions against my interests without ever consulting with me; and

(e) Mr. Anderson claimed to know all of the necessary facts of this case without having made a reasonable inquiry, which led to his making numerous erroneous

assumptions, and then engaging in unjustifiable and abusive attacks against me and/or my wife when the errors were brought to his attention.

4. I have a new counsel, but because of Mr. Anderson's unprofessional conduct, the new counsel has requested that an order vacating the appearance of Mr. Anderson in this matter be entered prior to the filing of an appearance on my behalf.

5. I was exhausted with Mr. Anderson's constant unjustifiable attacks. So on April 11, 2008, I informed Mr. Anderson that I no longer desired his services, at which time, Mr. Anderson insisted upon continuing the representation and he agreed to cease engaging in independent actions against my interests, and to cease engaging in abusive and unprofessional conduct.

6. In order to avoid misunderstandings, on April 13, 2008, I sent a letter to Mr. Anderson setting forth my expectations in regard to his representation, and asking him to withdraw if he disagreed. Mr. Anderson stated that he agreed with the terms set forth in my letter, but, a week later, he returned to his previous unprofessional and abusive conduct.

7. Since Mr. Anderson was not willing to withdraw from the case and since I was no longer able to tolerate Mr. Anderson's inappropriate behavior, on April 25, 2008, I contacted Mr. Anderson and demanded that he send settlement letters to each Defendant to resolve the matter expeditiously in order to allow a quick resolution of both the within cause, and the representation of Mr. Anderson on my behalf.

8. After I clearly and repeatedly informed Mr. Anderson the terms under which I would settle this case against Defendant Pinnacle, on May 12, 2008, Mr. Anderson entered into a settlement agreement without my knowledge and consent, and then attempted to force me to sign the settlement agreement dismissing Defendant Pinnacle in exchange for

*Declaration of Robert Michael Williams in Support of his Response to Motion for Leave to Withdraw*
*William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                                                                3

1  Defendant Pinnacle providing a signed declaration containing untrue statements, which
2  statements Mr. Anderson knew to be untrue, and then expressed an intention to use the
3  declaration against one of the Defendant in this action. Because I was uncomfortable with
4  Mr. Anderson's actions and the untrue statements, I informed Mr. Anderson that the
5  attorney/client relationship was terminated on May 12, 2008.
6  
7  I declare under penalty of perjury under the laws of the United States that the
8  foregoing is true and correct.

10  Dated: May 15, 2008                    Respectfully Submitted,

                                          By: *[signature]* P. Michael Williams
                                          Plaintiff Robert Michael Williams

28  *Declaration of Robert Michael Williams in Support of his Response to Motion for Leave to Withdraw*
    *William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                                    4

ORIGINAL

**PROOF OF SERVICE**
*William v. Trans Union, et. al.*
Case No. CV 07 05956 CRB

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action.

My address is 3716 Dragoo Park Drive, Tracy, CA 95356.

On May 15, 2008, I served the foregoing document described as: **PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF; DECLARATION OF ROBERT MICHAEL WILLIAMS IN SUPPORT OF HIS RESPONSE TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF; AND MANUAL FILING NOTIFICATION** on all interested parties in this action by facsimile transmission, without error, and by placing a true copy thereof in a sealed envelope with first class postage fully prepaid, and depositing same in the U.S. Mail receptacle located at Santa Rita Road and Dublin Boulevard in Dublin, California, properly addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

I am readily familiar with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid before the hour of 5:00 p.m., in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 15, 2008.

_____
Marlene Mourer

Proof of Service, *William v. Trans Union, et. al., Case No. CV 07 05956 CRB*   1

**SERVICE LIST**
*William v. Trans Union, et. al., Case No. CV 07 05956 CRB*

Mark F. Anderson, Esq.
Kemnitzer, Anderson, Barron, Ogilvie & Brewer
445 Bush St., 6th Floor
San Francisco, CA 94108
Fax: 415-861-3151

Donald E. Bradley, Esq., Attorney for Trans Union, LLC
Musick Peeler & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
Fax: 714-668-2490

David L. Wallach, Esq., Attorney for Experian Information Solutions, Inc.
Jones Day
555 California Street
San Francisco, CA 94105
Fax: 415-875-5700

Lucinda Warnett Andrew, Esq., Attorneys for Experian Information Solutions, Inc.
Cindy W. Andrew, Esq.
Jones Day
2727 North Harwood Street
Dallas, TX 75201
Fax: 214-969-5100

Thomas P. Quinn, Esq., Attorney for Equifax Information Services, LLC
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, CA 92651
Fax: 949-376-3070

Cara L. Hergenroether, Esq., Attorney for Equifax Information Services, LLC
King & Spalding, LLP
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Fax: (404) 572-5100

David S. Reidy, Esq., Attorneys for Discover Financial Services
Abraham Joshua Colman, Esq.
James Edward Heffner, Esq.
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Fax: 415-391-8269

Proof of Service, *William v. Trans Union, et. al., Case No. CV 07 05956 CRB*      2

1  Reid Strand, *In Pro Per*
   Pinnacle Credit Services, Inc.
2  7900 Highway 7, Suite 100
   St. Louis Park, MN 55426
3  Fax: (952) 935-9734

4  Tomio Buck Narita, Esq., Attorneys for Asset Acceptance, LLC
5  Jeffrey A. Topor, Esq.
   Simmonds & Narita LLP
6  44 Montgomery Street, Suite 3010
   San Francisco, CA 94104-4816
7  Fax: 415-352-2625

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proof of Service, *William v. Trans Union, et. al., Case No. CV 07 05956 CRB*                                    3