Robert Michael Williams
269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212
Ph: (310) 270-7194    Fax: (925) 828-0734
twmeg@aol.com

FILED
08 JUN 20 PM 12: 10
RICHARD W. WIEKING
U.S. DISTRICT COURT
N.D. OF CALIFORNIA

ORIGINAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT MICHAEL WILLIAMS,           )  Case No.: CV 07 05956 CRB
                                    )
        Plaintiff,                  )
                                    )
    v.                              )  **PLAINTIFF'S CASE**
                                    )  **MANAGEMENT CONFERENCE**
                                    )  **STATEMENT**
EQUIFAX INFORMATION SERVICES, LLC;  )
PINNACLE CREDIT SERVICES, LLC.; and )  Hearing Date: June 27, 2008
ASSET ACCEPTANCE, LLC.              )  Time:         8:30 a.m.
                                    )  Courtroom:    8, 19th Floor
        Defendants.                 )
                                    )

Plaintiff respectfully submits his Case Management Conference Statement:

Plaintiff has retained new counsel, James Z. Margolis. However, Mr. Margolis has not yet filed his appearance on behalf of Plaintiff because Plaintiff is having difficulty obtaining his file from his former counsel, Mark Anderson.

**1.   Basis for Jurisdiction and Service**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Accordingly, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p. All parties have been served.

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

1

2. **Statement of Facts**

   A. Contrary to the statements contained in Defendant Pinnacle's "Supplemental Case Management Conference Statement" filed on June 17, 2008, Defendant Pinnacle is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). However, Defendant Pinnacle was not properly registered in the State of California, having only filed its Articles of Organization with the California Secretary of State on June 11, 2008. In addition, after Defendant Pinnacle received a letter from the original creditor stating that Plaintiff was not responsible for the debt, Defendant Pinnacle verified the debt to Experian, and made impermissible inquires of Plaintiff's credit file.

   B. Plaintiff's first claim arises out of the repeated failure of Defendant Equifax Information Services, LLC ("Equifax") to conduct a reasonable investigation/reinvestigation of information after receiving notices from Plaintiff that he disputed the information, and its continual failure to comply with other aspects of 15 U.S.C. § 1681i.

   C. Plaintiff's second claim arises out of the repeated failures of Defendants Asset Acceptance, LLC ("Asset Acceptance") and Pinnacle Credit Services, LLC ("Pinnacle") to fulfill their obligations under 15 U.S.C. § 1681s-2 related to the investigation/reinvestigation required after receipt of notification by the Consumer Reporting Agencies that Plaintiff disputed the information which they were reporting, and their furnishing of inaccurate information about Plaintiff to the Consumer Reporting Agencies, which information they knew to be incorrect. Plaintiff's third claim arises out of the debt collection practices of Defendants Asset Acceptance and Pinnacle which violate the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's fourth claim arises out of violations of California's identity theft statute by Defendants Asset Acceptance and Pinnacle by continuing their collection activities

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

against Plaintiff after receiving certification that Plaintiff was the victim of identity theft, and after receiving definitive information that Plaintiff was not responsible for the debts.

      D.  Plaintiff has reached full settlement with Defendant Trans Union, LLC, and the parties will shortly file a stipulation for dismissal with prejudice.  Plaintiff has also reached settlement with Defendant Discover Financial Services (aka DFS Services, LLC), and Plaintiff will file a dismissal with prejudice after it fulfills its obligations under the terms of the settlement agreement.  Plaintiff has also reached a settlement with Defendant Experian Information Solutions, LLC, and the parties are finalizing the settlement agreement.

      E.  Plaintiff attempted to reach a good faith settlement with Defendant Asset Acceptance on May 20, 2008.  However, the actions of Defendant Asset Acceptance's counsel, Tomio Buck Narita, indicate that he was only interested in attempting to deceive Plaintiff, and in engaging in protracted litigation for the sole purpose of needlessly increasing the cost of litigation, despite Mr. Narita's admission to Plaintiff that Defendant Asset Acceptance does not have any evidence and/or documents which would validate the alleged debts and/or charges it was reporting against Plaintiff to the Consumer Reporting Agencies.  Therefore, Plaintiff ceased direct communication with Mr. Narita, and advised him to direct any and all communications to Plaintiff's new counsel.  Accordingly, the remaining Defendants are Equifax, Asset and Pinnacle.

**3.**    **Legal Issues**

      The first legal issue is whether Defendant Equifax violated, and continues to violate, the FCRA by failing to make a reasonable investigation/reinvestigation of the inaccurate items on Plaintiff's credit reports.  The second legal issue is whether Defendants Asset Acceptance and Pinnacle violated the FDCPA, the FCRA, and related California law.  The

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

3

third legal issue is whether Defendants Asset Acceptance and Pinnacle had legal ownership of the alleged debts.

**4.    Motions**

Plaintiff intends to file a Rule 11 motion against Defendant Asset Acceptance and its counsel. Plaintiff also intends to file a motion for summary judgment or partial adjudication.

**5.    Amendment of Pleadings**

Plaintiff may file an amended pleading to include other causes of action.

**6.    Evidence Preservation**

Plaintiff will preserve relevant evidence, including electronically filed documents.

**7.    Disclosures**

Plaintiff has made his Rule 26 initial disclosures.

**8.    Discovery**

Plaintiff served discovery on Defendants Asset Acceptance and Equifax on April 2, 2008. Defendant Equifax has refused to comply with discovery, and has ignored Plaintiff's follow-up letter. Similarly, on June 2, 2008, Defendant Asset Acceptance served Plaintiff with what purports to be a response to Plaintiff's discovery. However, Defendant Asset Acceptance did not produce any tangible evidence, and merely stated that it "will produce", not indicating a time as to when production will commence. Also, Plaintiff intends to conduct depositions of Defendants' current/former employees who have personal knowledge of the matters in dispute. Factual issues with respect to which discovery will be required include:

- Facts and circumstances surrounding the investigation/reinvestigation of Plaintiff's repeated disputes of inaccurate information made to Defendant Equifax, and its frequent dissemination of inaccurate information to third parties.

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

4

- Facts and circumstances surrounding the investigation of numerous disputes made by Plaintiff to Defendants Asset Acceptance and Pinnacle, and their repeated failure to provide Plaintiff proof that the alleged debts were the responsibility of Plaintiff.

- Facts and circumstances surrounding Defendants Asset Acceptance and Pinnacle making frequent inquires of Plaintiff's credit file without permissible purpose, and furnishing inaccurate information to the Consumer Reporting Agencies, even though they had no proof whatsoever that the alleged debts were Plaintiff's responsibility, and they had received letters from the original creditors stating that Plaintiff is not responsible for the debts.

- Whether or not Defendants Asset Acceptance and Pinnacle had legal ownership of the alleged debts.

- Whether or not Defendant Asset Acceptance was knowingly re-aging and reporting the alleged debts to inflate its portfolio to Wall Street, and whether it knew that the collection agency from which it purchased the alleged debts did not have legal ownership.

- Whether or not Defendant Asset Acceptance instructed its former employees to create false notes, false date of last activity, and false documents regarding the alleged debts it attributed to Plaintiff.

**9.  Class Action**

Not applicable.

**10.  Related Classes**

None.

**11.  Relief**

Plaintiff is claiming actual damages, statutory damages, reimbursement of attorneys' fees and costs, and punitive damages.

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

12. **Settlement & ADR**

Mediation has been set for September 19, 2008, at 9:30 a.m.

13. **Consent to Magistrate Judge For All Purposes**

Plaintiff will not agree to try the case before a Magistrate Judge.

14. **Other References**

Plaintiff believes that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

Plaintiff believes that it is premature to attempt to narrow the issues.

16. **Expedited Schedule**

There is no need for streamlined procedures or an expedited schedule.

17. **Scheduling**

Plaintiff requests a trial date of January 2009 or such date as may be convenient to the Court.

18. **Trial**

Plaintiff requests a trial by jury and estimates that this case will take 4 to 5 days.

19. **Disclosure of Non-Party Interested Entities or Person**

Defendant Pinnacle has not filed its disclosure statement pursuant to Rule 7.1 of the Federal Rule of Civil Procedure.

Dated: June 20, 2008                    Respectfully Submitted,

By: _____
Plaintiff Robert Michael Williams

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

**PROOF OF SERVICE**
*William v. Trans Union, et. al. - Case No. CV 07 05956 CRB*

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action.

My address is 3716 Dragoo Park Drive, Tracy, CA 95356. On June 20, 2008, I served the foregoing document described as: **PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** on all interested parties in this action by placing a true copy thereof in a sealed envelope with first class postage fully prepaid, and depositing same in the U.S. Mail receptacle located at Santa Rita Road and Dublin Boulevard in Dublin, California, properly addressed as follows:

| | |
|---|---|
| Donald E. Bradley, Esq.<br>Musick Peeler & Garrett LLP<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626<br>**Attorneys for Defendant Trans Union** | Cindy W. Andrew, Esq.<br>Jones Day<br>2727 North Harwood Street<br>Dallas, Texas 75201<br>**Attorneys for Defendant Experian** |
| David L. Wallach, Esq.<br>Jones Day<br>555 California Street<br>San Francisco, California 94105<br>**Attorneys for Defendant Experian** | Thomas P. Quinn, Esq.<br>Nokes & Quinn<br>450 Ocean Avenue<br>Laguna Beach, California 92651<br>**Attorneys for Defendant Equifax** |
| Timothy Peter Johnson, Esq.<br>Law Offices of Timothy P. Johnson<br>17821 E. 17th Street, Suite 290<br>Tustin, California 92780<br>**Attorney for Defendant Pinnacle** | Cara L. Hergenroether, Esq.<br>King & Spalding, LLP<br>1180 Peachtree Street<br>Atlanta, Georgia 30309<br>**Attorneys for Defendant Equifax** |
| Tomio Buck Narita, Esq.<br>Jeffrey A. Topor, Esq.<br>Simmonds & Narita LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, California 94104<br>**Attorneys for Defendant Asset Acceptance** | David S. Reidy, Esq.<br>Reed Smith LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111<br>**Attorneys for Defendant Discover** |

I am readily familiar with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid before the hour of 5:00 p.m., in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 20, 2008

*Marlene Mourer*
Marlene Mourer

*Plaintiff's Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956 CRB*

7