Robert Michael Williams
269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212
Ph: (310) 270-7194    Fax: (925) 828-0734
twmeg@aol.com

FILED
ORIGINAL
08 JUN 26 PM 12:39
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; PINNACLE CREDIT SERVICES, LLC.; and ASSET ACCEPTANCE, LLC.<br><br>Defendants. | Case No.: CV 07 05956 CRB<br><br>**PLAINTIFF'S <u>AMENDED</u> CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Hearing Date: June 27, 2008**<br>**Time:           8:30 a.m.**<br>**Courtroom:   8, 19th Floor** |

NOW COMES Plaintiff, ROBERT MICHAEL WILLIAMS, and for his <u>Amended</u> Case Management Conference Statement, respectfully states as follows:

Plaintiff's new counsel, James Z. Margolis, who will make an appearance on behalf of Plaintiff on June 27, 2008, will be attending the Case Management Conference currently set for June 27, 2008, at 8:30 a.m.

**1.   Basis for Jurisdiction and Service**

This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. Accordingly, this Court has jurisdiction pursuant to 15 U.S.C. § 1681p. All parties have been served.

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*

1

## 2. Statement of Facts

A. Plaintiff wishes to inform this Court that since May 19, 2008, Plaintiff has been engaged in settlement negotiations with Experian through its counsel, Lucinda W. Andrew. Despite Experian's numerous unreasonable delays, Plaintiff continued to engage in settlement negotiations in good faith. Notwithstanding Experian's acknowledgement that it only investigated two disputes, one in 2002 and one in 2005, Plaintiff made several concessions, against the advice of his counsel, in an attempt to bring this matter to an acceptable conclusion. However, Experian continues to engage in unreasonable delays in finalizing the settlement. Since May 19, 2008, Plaintiff has already spent several thousands of dollars in attorneys' fees, and several hours in cooperating with Experian. Plaintiff is in possession of approximately fifty (50) e-mail correspondences between Plaintiff and Experian's counsel for the period of May 19, 2008, to June 25, 2008, which document the efforts Plaintiff has made to obtain a settlement with Experian. Regrettably, Plaintiff is not convinced that Experian has acted in good faith in these settlement negotiations.

B. Contrary to the statements contained in Defendant Pinnacle's "Supplemental Case Management Conference Statement" filed on June 17, 2008, Pinnacle is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). However, Pinnacle was not properly registered in the State of California, having only filed its Articles of Organization with the California Secretary of State on June 11, 2008. In addition, after Pinnacle received a letter from the original creditor stating that Plaintiff was not responsible for the debt, Defendant Pinnacle verified the debt to Experian, and made impermissible inquires of Plaintiff's credit file.

C. Plaintiff's first claim arises out of the repeated failures of Defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, LLC ("Equifax")

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*

2

to conduct a reasonable investigation/reinvestigation of information after receiving notices from Plaintiff that he disputed the information, and their continual failure to comply with other aspects of 15 U.S.C. § 1681i.

D. Plaintiff's second claim arises out of the repeated failures of Defendants Asset Acceptance, LLC ("Asset Acceptance") and Pinnacle Credit Services, LLC ("Pinnacle") to fulfill their obligations under 15 U.S.C. § 1681s-2 related to the investigation/reinvestigation required after receipt of notification by the Consumer Reporting Agencies that Plaintiff disputed the information which they were reporting, and their furnishing of inaccurate information about Plaintiff to the Consumer Reporting Agencies, which information they knew to be incorrect. Plaintiff's third claim arises out of the debt collection practices of Defendants Asset Acceptance and Pinnacle which violate the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's fourth claim arises out of violations of California's identity theft statute by Defendants Asset Acceptance and Pinnacle by continuing their collection activities against Plaintiff after receiving certification that Plaintiff was the victim of identity theft, and after receiving definitive information that Plaintiff was not responsible for the debts.

E. Plaintiff has reached full settlement with Defendant Trans Union, LLC, and the parties will shortly file a stipulation for dismissal with prejudice.

F. Plaintiff attempted to reach a good faith settlement with Defendant Asset Acceptance on May 20, 2008. However, the actions of Defendant Asset Acceptance's counsel, Tomio Buck Narita, indicate that he was only interested in attempting to deceive Plaintiff, and in engaging in protracted litigation for the sole purpose of needlessly increasing the cost of litigation, despite Mr. Narita's admission to Plaintiff that Defendant Asset Acceptance does not have any evidence and/or documents which would validate the alleged debts and/or charges it

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*
3

1 was reporting against Plaintiff to the Consumer Reporting Agencies.  Therefore, Plaintiff
2 ceased direct communication with Mr. Narita, and advised him to direct any and all
3 communications to Plaintiff's new counsel.

   G.  Accordingly, the remaining Defendants are Experian, Equifax, Asset and Pinnacle.

**3.   Legal Issues**

The first legal issue is whether Defendants Experian and Equifax violated, and continue to violate, the FCRA by failing to make a reasonable investigation/reinvestigation of the inaccurate items on Plaintiff's credit reports.  The second legal issue is whether Defendants Asset Acceptance and Pinnacle violated the FDCPA, the FCRA, and related California law.  The third legal issue is whether Defendants Asset Acceptance and Pinnacle had legal ownership of the alleged debts.

**4.   Motions**

Plaintiff intends to file a Rule 11 motion against Defendant Asset Acceptance and its counsel; a motion for summary judgment or partial adjudication against each Defendant; and a motion seeking the issuance of permanent injunction enjoining the remaining Defendants from re-aging and re-reporting in Plaintiff's credit file derogatory accounts which do not belong to Plaintiff and are over seven years old.

**5.   Amendment of Pleadings**

Plaintiff may file an amended pleading to include other causes of action.

**6.   Evidence Preservation**

Plaintiff will preserve relevant evidence, including electronically filed documents.

**7.   Disclosures**

Plaintiff has made his Rule 26 initial disclosures.

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*
4

**8.     Discovery**

Plaintiff served discovery on Defendants Asset Acceptance and Equifax on April 2, 2008. Defendant Equifax has refused to comply with discovery, and has ignored Plaintiff's follow-up letter. Although Equifax states in its "Supplemental Case Management Conference Statement" filed on June 20, 2008, that it had propounded discovery upon Plaintiff, Plaintiff has not received any discovery requests from Defendant Equifax as of June 26, 2008. The statement to the contrary contained in the Equifax "Case Management Conference Statement" appears to be an attempt to deflect attention from its failure to comply with discovery which it received from Plaintiff.

It should be noted that Plaintiff only received discovery requests from Asset Acceptance on May 23, 2008, and from Pinnacle on June 6, 2008, to which discovery requests Plaintiff responded on June 16, 2008, and June 21, 2008, respectively.

Similarly, on June 2, 2008, Defendant Asset Acceptance served Plaintiff with what purports to be a response to Plaintiff's discovery. However, Defendant Asset Acceptance did not produce any tangible evidence, and merely stated that it "will produce", not indicating a time as to when production will commence. Also, Plaintiff intends to conduct depositions of Defendants' current/former employees who have personal knowledge of the matters in dispute.

Factual issues with respect to which discovery will be required include:

- Facts and circumstances surrounding the investigation/reinvestigation of Plaintiff's repeated disputes of inaccurate information made to Defendants Experian and Equifax, and their frequent dissemination of inaccurate information to third parties.

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*
5

- Facts and circumstances surrounding the investigation of numerous disputes made by Plaintiff to Defendants Asset Acceptance and Pinnacle, and their repeated failure to provide Plaintiff proof that the alleged debts were the responsibility of Plaintiff.

- Facts and circumstances surrounding Defendants Asset Acceptance and Pinnacle making frequent inquires of Plaintiff's credit file without permissible purpose, and furnishing inaccurate information to the Consumer Reporting Agencies, even though they had no proof whatsoever that the alleged debts were Plaintiff's responsibility, and they had received letters from the original creditors stating that Plaintiff is not responsible for the debts.

- Whether or not Defendants Asset Acceptance and Pinnacle had legal ownership of the alleged debts.

- Whether or not Defendant Asset Acceptance was knowingly re-aging and reporting the alleged debts to inflate its portfolio to Wall Street; whether it knew that the collection agency from which it purchased the alleged debts did not have legal ownership; and whether or not it instructed its former employees to create false notes, false date of last activity, and false documents regarding the alleged debts it attributed to Plaintiff.

**9.     Class Action**

Not applicable.

**10.    Related Classes**

None.

**11.    Relief**

Plaintiff is claiming actual damages, statutory damages, reimbursement of attorneys' fees and costs, and punitive damages.

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*

6

12. **Settlement & ADR**

Mediation has been set for September 19, 2008, at 9:30 a.m.

13. **Consent to Magistrate Judge For All Purposes**

Plaintiff will not agree to try the case before a Magistrate Judge.

14. **Other References**

Plaintiff believes that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

Plaintiff believes that it is premature to attempt to narrow the issues.

16. **Expedited Schedule**

There is no need for streamlined procedures or an expedited schedule.

17. **Scheduling**

Plaintiff requests a trial date of January 2009 or such date convenient to the Court.

18. **Trial**

Plaintiff requests a trial by jury and estimates that this case will take 4 to 5 days.

19. **Disclosure of Non-Party Interested Entities or Person**

Defendant Pinnacle has not filed its disclosure statement pursuant to Rule 7.1 of the Federal Rule of Civil Procedure.

Dated: June 26, 2008                Respectfully Submitted,

By: _____R. Michl Williams_____
Plaintiff Robert Michael Williams

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*

7


Case 3:07-cv-05956-CRB   Document 58   Filed 06/26/2008   Page 8 of 8

**PROOF OF SERVICE**
*William v. Trans Union, et. al. - Case No. CV 07 05956 CRB*

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My address is 3716 Dragoo Park Drive, Tracy, CA 95356.

On June 26, 2008, I served the foregoing document described as: **PLAINTIFF'S AMENDED CASE MANAGEMENT CONFERENCE STATEMENT** on all interested parties in this action by facsimile and by placing a true copy thereof in a sealed envelope with first class postage fully prepaid, and depositing same in the U.S. Mail receptacle located at Santa Rita Road and Dublin Boulevard in Dublin, California, properly addressed as follows:

Donald E. Bradley, Esq.
Musick Peeler & Garrett LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
**Attorneys for Defendant Trans Union**
Fax: 714-668-2490

Timothy Peter Johnson, Esq.
Law Offices of Timothy P. Johnson
17821 E. 17th Street, Suite 290
Tustin, California 92780
**Attorney for Defendant Pinnacle**
Fax: 714-832-1179

David L. Wallach, Esq.
Jones Day
555 California Street
San Francisco, California 94105
**Attorneys for Defendant Experian**
Fax: 415-875-5700

Cindy W. Andrew, Esq.
Jones Day
2727 North Harwood Street
Dallas, Texas 75201
**Attorneys for Defendant Experian**
Fax: 214-969-5100

Thomas P. Quinn, Esq.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, California 92651
**Attorneys for Defendant Equifax**
Fax: 949-376-3070

Cara L. Hergenroether, Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, Georgia 30309
**Attorneys for Defendant Equifax**
Fax: 404-572-5100

Tomio Buck Narita, Esq.
Jeffrey A. Topor, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California 94104
**Attorneys for Defendant Asset Acceptance**
Fax: 415-352-2625

I am readily familiar with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid before the hour of 5:00 p.m., in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 26, 2008

*Marlene Mourer*
Marlene Mourer

*Plaintiff's Amended Case Management Conference Statement, Williams v. Equifax, et. al. Case No. CV 07 05956*

8