TIMOTHY P. JOHNSON (BAR NO. 66333)
**LAW OFFICES OF TIMOTHY P. JOHNSON**
17821 E. 17TH STREET, SUITE 290
TUSTIN, CALIFORNIA 92780
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendant PINNACLE CREDIT SERVICES, LLC, erroneously sued and served as PINNACLE CREDIT SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>     Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.;, EQUIFAX INFORMATION SERVICES, LLC, AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES, INC.; ASSET ACCEPTANCE, LLC; and NATIONAL CREDIT ADJUSTERS, LLC.<br><br>     Defendants. | Case No.  C-07-5956 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES BY PLAINTIFF TO DISCOVERY PROPOUNDED BY PINNACLE**<br><br>**Date:  October 24, 2008**<br>**Time:  10:00 a.m.**<br>**Courtroom: 8, 19th Floor** |

Defendant PINNACLE CREDIT SERVICES, LLC, hereby submits the following memorandum of points and authorities in support of its motion to compel further responses to discovery by plaintiff.

**I.    INTRODUCTION**

Plaintiff has filed a lawsuit alleging violations of various federal and state laws by defendants based on his claims of identity theft.

As to PINNACLE specifically, plaintiff alleges as follows:

(a) by the Second Claim that PINNACLE violated the Fair Credit Reporting Act by

-1-
Case No.  C-07-5956 CRB    MEMORANDUM OF POINTS AND AUTHORITIES RE DISCOVERY RESPONSES

1  failing to properly reinvestigate the information that it had reported following notice from a credit
2  reporting agency of a dispute;

3  (b)  by the Third Claim that PINNACLE improperly attempted to collect debt from
4  plaintiff in violation of the Fair Debt Collection Practices Act.

5  (c)  by the Fourth Claim that PINNACLE violated California law by continuing to
6  attempt to collect a debt after being notified by plaintiff that the debt arose out of identity theft.
7  Although PINNACLE is not specifically named with regard to this claim, plaintiff has indicated that
8  he intends to pursue this claim against PINNACLE.

9  PINNACLE appeared late in this litigation since it believed that the claims against it
10 would be dismissed pursuant to a settlement.  When those settlement negotiations collapsed in
11 conjunction with the end of the relationship between plaintiff and his first attorney, PINNACLE
12 filed its answer to this lawsuit.  Unfortunately, by then considerable written discovery had
13 apparently been conducted between plaintiff and the other defendants.

14 Following its appearance in this case, PINNACLE served plaintiff with written
15 discovery.  As can be seen from the more detailed Separate Statement itemizing the discovery
16 responses in dispute, the discovery generally sought to determine what account(s) are the subject of
17 plaintiff's claims against PINNACLE as well as all communications between plaintiff, PINNACLE,
18 any credit reporting agencies and any other parties to this lawsuit.  In addition, PINNACLE asked
19 plaintiff to produce all discovery conducted by any party in this case and any non-filed pleadings by
20 any parties.

21 Plaintiff's responses to the discovery consisted of objections or general references to
22 unidentified documents supposedly previously produced in discovery.  None of the responses
23 provided any factual information.

24 Plaintiff while representing himself and before hiring his present attorney, James
25 Margolis, refused to provide further responses to the discovery.  Mr. Margolis, since assuming
26 representation of plaintiff, unfortunately has not assumed the responsibility to provide proper
27 responses to PINNACLE's discovery.  Mr. Margolis has not cooperated with PINNACLE's efforts
28 to meet and confer regarding the discovery responses.  PINNACLE has been left with no alternative

but to bring this motion to compel further responses to discovery to obtain proper and meaningful responses to its discovery.

## II. THE SCOPE OF DISCOVERY IS BROAD

Rule 26 of the *Federal Rules of Civil Procedure*, provides in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Here, PINNACLE seeks to obtain facts directly relevant to the claims being brought against it by plaintiff. To the extent that good cause may be required to compel the discovery, that good cause clearly exists as is evidenced by the discussion contained in the Separate Statement regarding the disputed discovery responses.

## III. PINNACLE MAY APPLY FOR AN ORDER COMPELLING DISCOVERY IF PLAINTIFF HAS FAILED TO RESPOND TO DISCOVERY

*Federal Rules of Civil Procedure*, Rule 37(a)(3)(B)(4) provides that a party may compel discovery where the answers provided in response to a discovery request are incomplete or evasive.

Plaintiff's responses—as discussed in the separate statement which sets forth the discovery and plaintiff's responses to it—are clearly incomplete and evasive. Accordingly, this court should enter its order compelling further responses to PINNACLE's discovery.

## IV. PLAINTIFF HAS THE BURDEN TO JUSTIFY THE GROUNDS UPON WHICH HE REFUSED DISCOVERY

Plaintiff has raised numerous objections that the discovery served upon him is vague, ambiguous and burdensome. Such boilerplate objections should be disregarded by the court. *Bible v. Rio Properties, Inc.* 246 F.RD 614, 619 (C.D. Cal.. 2007).

///

-3-
Case No. C-07-5956 CRB     MEMORANDUM OF POINTS AND AUTHORITIES RE DISCOVERY RESPONSES

The party objecting to the discovery has the burden to establish the validity of those objections. <u>DIRECTTV, Inc. v. Puccinelli</u> 224, F.RD 677, 681 (D. KS 2004).

## V.    CONCLUSION

It is respectfully requested that this court enter its order compelling plaintiff to file further responses to the discovery at issue.

Dated:  September 8, 2008

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: /S/ Timothy P. Johnson
TIMOTHY P. JOHNSON
Attorneys for Defendant PINNACLE CREDIT SERVICES, LLC

Tpj:cww/Williams/pleadings/008

-4-
Case No.  C-07-5956 CRB      MEMORANDUM OF POINTS AND AUTHORITIES RE DISCOVERY RESPONSES

**PROOF OF SERVICE BY MAIL**
C.C.P. §1013(a), C.R.C. 2003(3), 2005(I)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17821 E. 17th Street, Suite 290, Tustin, California 92780.

On September 12, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES BY PLAINTIFF TO DISCOVERY PROPOUNDED BY PINNACLE** on all interested parties in this action by:

✓   placing __ the original ✓ a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

✓   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

__   **BY FACSIMILE TRANSMISSION:** From Fax No. (714) 832-1179 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

__   **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on September 12, 2008 at Tustin, California.

 /S/ Carol w. Wiese
CAROL W. WIESE

-5-
Case No.  C-07-5956 CRB     MEMORANDUM OF POINTS AND AUTHORITIES RE DISCOVERY RESPONSES

*Williams v. Trans Union, et al.*
**USDC, Case No. C-07-5956 CRB**

## MAILING LIST

| | |
|---|---|
| James Z. Margolis, Esq. (Bar No. 52613)<br>405 14th Street, Suite 1010<br>Oakland, CA 94612<br>(510) 834-8311  Fax:  (510) 834-8370<br>Email:  jzmarg@aol.com<br>*Attorney for Plaintiff Michael Williams* | Tomio B. Narita, Esq.<br>Jeffrey A. Topor, Esq.<br>Robin M. Bowen, Esq.<br>SIMMONDS & NARITA, LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, CA 94104-4816<br>(415) 283-1000  FAX:  (415) 352-2625<br>Email: tnarita@snllp.com; jtopor@snllp.com<br>*Attorneys for Defendant ASSET ACCEPTANCE, INC.* |
| David L. Wallach, Esq. (Bar No. 233432)<br>JONES DAY<br>555 California Street<br>San Francisco, CA 94105<br>(415) 626-3939  FAX: (415) 875-5700<br>Email: dwallach@jonesday.com<br>*Attorneys for Defendant EXPERIAN INFORMATION SOLUTIONS, INC.* | Thomas P. Quinn, Esq.<br>NOKES & QUINN<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>(949) 365-3055  FAX: (949) 376-3070<br>Email:  tquinn@nokesquinn.com<br>*Attorneys for EQUIFAX INFORMATION SERVICES, LLC* |
| Cara Hergenroether, Esq.<br>KING & SPALDING<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309-3521<br>Tel: (404) 215-5796<br>Fax: (404) 572-5100<br>Email: chergenroether@KSLAW.com<br>*Attorneys for EQUIFAX INFORMATION SERVICES, LLC* | |