TIMOTHY P. JOHNSON (BAR NO. 66333)
**LAW OFFICES OF TIMOTHY P. JOHNSON**
17821 E. 17TH STREET, SUITE 290
TUSTIN, CALIFORNIA 92780
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendant PINNACLE CREDIT SERVICES, LLC, erroneously sued and served as PINNACLE CREDIT SERVICES, INC.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>     Plaintiff,<br><br>     vs.<br><br>TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.;, EQUIFAX INFORMATION SERVICES, LLC, AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES, INC.; ASSET ACCEPTANCE, LLC; and NATIONAL CREDIT ADJUSTERS, LLC.<br><br>     Defendants. | Case No. C-07-5956 CRB<br><br><br>**SEPARATE STATEMENT REGARDING DISPUTED DISCOVERY RESPONSES SUBMITTED IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>**Date: October 24, 2008**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8, 19th Floor** |

PINNACLE CREDIT SERVICES, LLC, (hereinafter referred to as "PINNACLE") submits the following separate statement regarding disputed discovery responses in support of its motion to compel further responses to interrogatories and request for production of documents:

### INTERROGATORIES

**INTERROGATORY NO. 1**

Describe each of your consumer accounts that is the subject of your claims against PINNACLE in this lawsuit (the consumer accounts identified in the response to this interrogatory hereinafter will be referred to as "the Accounts" in these interrogatories.

-1-

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous as to the term "your".

**ARGUMENT**

This case involves a claim by plaintiff that PINNACLE violated the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) regarding one or more of his consumer accounts. The pleadings do not specify the identity of the account(s) that plaintiff claims is the subject of his claims against PINNACLE.

This interrogatory sought to have plaintiff describe the account(s) that are the subject of his claims against PINNACLE. Rather than do that which presumably would be a fairly simple task, plaintiff objected to the use of the term "your" in the interrogatory.

Common sense must be used when responding to discovery. Ordinary definitions must be used in interpreting common terms and phrases. The use of the term "your" does not require a technical definition and is certainly not a vague term, although plaintiff would have been certainly entitled to explain his understanding of the term when responding to the interrogatory is any ambiguities existed. Plaintiff made no effort to meet and confer regarding the term "your" prior to responding to the interrogatory.

A further response to this interrogatory without objections is appropriate.

**INTERROGATORY NO. 2**

If you contend that you are not responsible for any portion of the debt attributable to the Accounts, state each fact upon which you base the contention.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff objects to this Interrogatory on the basis that the interrogatory is overly broad, unduly burdensome, vague and ambiguous. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the previously produced letter from the original creditor stating that Plaintiff is not responsible for the debt.

LAW OFFICES OF TIMOTHY P. JOHNSON

Case No. C-07-5956 CRB                                STATEMENT OF DISCOVERY

**ARGUMENT:**

This interrogatory seeks to determine if plaintiff is denying responsibility for any amount claimed to be owed on the account(s). This would seem to be a fairly simple response, however, plaintiff has refused to provide a simple straightforward response. Instead, plaintiff has raised several frivolous objections and referenced some letter that he claims to have produced previously in the case.

The objections that this interrogatory is overly broad and unduly burdensome are without merit. The interrogatory simply asks if plaintiff contends that he is not responsible for any portion of the debts attributed to his consumer accounts that are the basis of his claims against PINNACLE. There is nothing overboard about that question. If plaintiff contends that a question is overboard, it is his obligation to answer that portion of the question that is proper and provide a meaningful explanation of the basis for the objection. *Mitchell v. National R.R. Passenger Corp.* (D DC 2002) 208 FRD 508, 512. He has failed to do that.

The objections that the question is vague and ambiguous are also without merit. If there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. He has made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

Finally, the response is inadequate and improper. Plaintiff's attempt to reference some unknown document is improper. PINNACLE is entitled to a response that is complete in and of itself without reference to other materials including other documents. *Scaife v. Boenne* (ND IN 2000) 191 FRD 590, 594.

A further response to this interrogatory without objections is appropriate.

///
///
///

Case No.  C-07-5956 CRB                                          STATEMENT OF DISCOVERY

LAW OFFICES OF TIMOTHY P. JOHNSON

**INTERROGATORY NUMBER 3:**

Identify each credit reporting agency that you contend notified PINNACLE that you disputed any information being reported by PINNACLE regarding the Accounts.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

**ARGUMENT:**

Plaintiff alleges in ¶30 of his complaint that consumer reporting agencies notified PINNACLE that plaintiff disputed the accuracy of the information reported by PINNACLE. This interrogatory asks plaintiff to identify which credit reporting agencies contacted PINNACLE regarding any account(s) that are subject of this lawsuit.

Rather than provide the requested information, plaintiff responding with frivolous objections that are without merit. This interrogatory simply asks plaintiff to identify each credit reporting agency that he contends contacted PINNACLE regarding the accounts involved in this lawsuit. Plaintiff's response is patently evasive.

The objections that the interrogatory calls for hearsay and speculation are without merit. These are not valid objections to discovery.

The objections that the question is vague and ambiguous are also without merit. If there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. He has made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

The objection that the interrogatory fails to specify a reasonable date and time is also without merit. The interrogatory obviously only addresses the issues that are the subject of this lawsuit. Plaintiff is the person who can set the parameters of date and time in that regard.

A further response to this interrogatory without objections is appropriate.

LAW OFFICES OF TIMOTHY P. JOHNSON

1    **INTERROGATORY NO. 4:**

2        State the date that PINNACLE was notified by each credit reporting agency that you

3  disputed any information being reported by PINNACLE regarding the Accounts.

4    **RESPONSE TO INTERROGATORY NO. 4:**

5        Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and

6  the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

7    **ARGUMENT:**

8        Plaintiff alleges in ¶30 of his complaint that consumer reporting agencies notified

9  PINNACLE that plaintiff disputed the accuracy of the information reported by PINNACLE.  This

10  interrogatory asks plaintiff to identify when credit reporting agencies contacted PINNACLE

11  regarding any account(s) that are subject of this lawsuit.

12        Rather than provide the requested information, plaintiff responding with frivolous

13  objections that are without merit.  This interrogatory simply asks plaintiff to identify when each

14  credit reporting agency contacted Pinnacle regarding the accounts involved with his dispute with

15  PINNACLE.  The response is patently evasive.

16        The objections that the interrogatory calls for hearsay and speculation are without

17  merit.  These are not valid objections to discovery.

18        The objections that the question is vague and ambiguous are also without merit.  If

19  there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by

20  attributing ordinary definitions to the terms and phrases utilized in the interrogatory.  He has made

21  no effort to provide a meaningful response to this interrogatory by attempting to resolve any

22  claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet

23  and confer to clarify any ambiguities.  *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996)

24  168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

25        The objection that the interrogatory fails to specify a reasonable date and time is

26  without merit.  The interrogatory obviously only addresses the issues that are the subject of this

27  lawsuit.  Plaintiff is the person who can set the parameters of date and time in that regard.

28        A further response to this interrogatory without objections is appropriate.

LAW OFFICES OF TIMOTHY P. JOHNSON

-5-

1    **INTERROGATORY NO. 5:**

2         State the content of each notification by a credit reporting agency to PINNACLE that

3    you disputed any information being reported by PINNACLE regarding the Accounts.

4    **RESPONSE TO INTERROGATORY NO. 5:**

5         Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and

6    the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

7    **ARGUMENT:**

8         Plaintiff alleges in ¶30 of his complaint that consumer reporting agencies notified

9    PINNACLE that plaintiff disputed the accuracy of the information reported by PINNACLE.  This

10   interrogatory asks plaintiff to identify what information that plaintiff contends that PINNACLE was

11   advised by the credit reporting agencies regarding any account(s) that are subject of this lawsuit.

12        Rather than provide the requested information, plaintiff responding with frivolous

13   objections that are without merit.  This interrogatory simply asks plaintiff what PINNACLE was

14   advised by each credit reporting agency regarding the accounts involved in the dispute with

15   PINNACLE.  The response is patently evasive.

16        The objections that the interrogatory calls for hearsay and speculation are without

17   merit.  These are not valid objections to discovery.

18        The objections that the question is vague and ambiguous are also without merit.  If

19   there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by

20   attributing ordinary definitions to the terms and phrases utilized in the interrogatory.  He has made

21   no effort to provide a meaningful response to this interrogatory by attempting to resolve any

22   claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet

23   and confer to clarify any ambiguities.  *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996)

24   168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

25        The objection that the interrogatory fails to specify a reasonable date and time is also

26   without merit.  The interrogatory obviously only addresses the issues that are the subject of this

27   lawsuit.   Plaintiff is the person who can set the parameters of date and time in that regard.

28        A further response to this interrogatory without objections is appropriate.

LAW OFFICES OF TIMOTHY P. JOHNSON

-6-

1    **INTERROGATORY NO. 6:**

2          Describe the inaccurate information that you contend that PINNACLE has furnished

3    to any credit reporting agency regarding the Accounts.

4    **RESPONSE TO INTERROGATORY NO. 6:**

5          Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and

6    ambiguous.  However, subject to and without waiving said objection, Plaintiff directs Defendant

7    Pinnacle to the previously produced documents, which show that Pinnacle re-aged, furnished and

8    verified account(s) as "collection account".

9    **ARGUMENT:**

10         Plaintiff alleges in ¶28 of his complaint that PINNACLE furnished inaccurate

11   information to credit reporting agencies regarding him.  This interrogatory asks plaintiff to identify

12   what inaccurate information was furnished by PINNACLE to any credit reporting agencies

13   regarding any account(s) that are subject of this lawsuit.

14         Rather than provide the requested information, plaintiff responding with frivolous

15   objections that are without merit.  This interrogatory simply asks plaintiff to identify what

16   inaccurate information was provided by PINNACLE to each credit reporting agency.  The response

17   is patently evasive.

18         The objections that the interrogatory calls for hearsay and speculation are without

19   merit.  These are not valid objections to discovery.

20         The objections that the question is vague and ambiguous are also without merit.  If

21   there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by

22   attributing ordinary definitions to the terms and phrases utilized in the interrogatory.  He has made

23   no effort to provide a meaningful response to this interrogatory by attempting to resolve any

24   claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet

25   and confer to clarify any ambiguities.  *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996)

26   168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

27         The objection that the interrogatory fails to specify a reasonable date and time is also

28   without merit.  The interrogatory obviously only addresses the issues that are the subject of this

*LAW OFFICES OF TIMOTHY P. JOHNSON*

-7-

1    lawsuit.   Plaintiff is the person who can set the parameters of date and time in that regard.

2            A further response to this interrogatory without objections is appropriate.

3

4    **INTERROGATORY NO. 11:**

5            Identify all communications between you and PINNACLE regarding the Accounts.

6    **RESPONSE TO INTERROGATORY NO. 11:**

7            Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and

8    ambiguous, and fails to specify a reasonable date and time.

9    **ARGUMENT:**

10            Plaintiff has claimed that he personally contacted PINNACLE regarding his

11    account(s).   PINNACLE has no record of any such contacts.   PINNACLE simply wants plaintiff to

12    identify all communications between him and PINNACLE that plaintiff claims occurred.   Plaintiff

13    did not provide any information in response to this interrogatory.

14            The objections to this interrogatory are without merit.   This interrogatory simply asks

15    plaintiff to identify all communications between him and PINNACLE regarding the accounts that

16    are the subject of his claims against PINNACLE.

17            The objections that the question is vague and ambiguous are also without merit.   If

18    there is somehow any ambiguity, it is plaintiff's obligation to respond to this interrogatory by

19    attributing ordinary definitions to the terms and phrases utilized in the interrogatory.   He has made

20    no effort to provide a meaningful response to this interrogatory by attempting to resolve any

21    claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet

22    and confer to clarify any ambiguities.   *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996)

23    168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

24            The objection that the interrogatory fails to specify a reasonable date and time is also

25    without merit.   The interrogatory obviously only addresses the issues that are the subject of this

26    lawsuit.   Plaintiff is the person who can set the parameters of date and time in that regard.

27            A further response to this interrogatory without objections is appropriate.

28

LAW OFFICES OF TIMOTHY P. JOHNSON

-8-

LAW OFFICES OF TIMOTHY P. JOHNSON

1

## REQUEST FOR PRODUCTION OF DOCUMENTS

2 **REQUEST TO PRODUCE NO. 1:**

3          All documents relating to each consumer account that is the subject of your claims

4 against PINNACLE in this lawsuit (the consumer accounts referenced by this request will

5 hereinafter be referred to as "the Accounts" in these requests to produce).

6 **RESPONSE TO REQUEST TO PRODUCE NO. 1:**

7          Plaintiff objects to this Document Request on the grounds that it is overly broad and

8 unduly burdensome.  However, subject to and without waiving said objection, Plaintiff directs

9 Defendant Pinnacle to the documents that had been produced previously.

10 **ARGUMENT:**

11          This case involves a claim by plaintiff that PINNACLE violated the FCRA and the

12 FDCPA regarding one or more of his consumer accounts.  The pleadings do not specify the identity

13 of the account(s) that plaintiff claims is the subject of his claims against PINNACLE.

14          PINNACLE has requested that plaintiff produce all documents regarding each

15 consumer account involved in this lawsuit.  Instead, plaintiff has objected to the discovery and

16 simply referred PINNACLE to all documents that he has previously produced in this case.  This

17 response fails for two reasons.

18          First, the objections to this request are without merit.

19          Plaintiff has provided no basis for the objections that the request is overly broad and

20 unduly burdensome as required and it is unclear how the request could be overly broad and unduly

21 burdensome since it only requests that plaintiff produce the documents that he has regarding his

22 accounts that are the subject of his claims against PINNACLE.  *St. Paul Reinsurance Co., Ltd. v.*

23 *Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

24          Second, plaintiff's attempt to refer PINNACLE to documents that have been

25 previously produced is an improper response.  PINNACLE has just appeared in this case and has

26 not been served with any documents that supposedly were previously produced.  In addition, the

27 response must specifically identify documents that are responsive to the request.  *Frontier-Kemper*

28 *Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.  Referring

-9-

1    PINNACLE to all of the documents that may have been produced in this case by all of the parties to

2    this lawsuit does not meet the requirements or spirit of the discovery procedures.

3              A further response to this document request without objections is appropriate.

4

5    **REQUEST TO PRODUCE NO. 2**

6              All documents which you believe support your claim that you are not responsible for

7    any portion of the debt attributable to the Accounts.

8    **RESPONSE TO REQUEST TO PRODUCE NO. 2:**

9              Plaintiff objects to this Document Request on the grounds that it is overly broad and

10   unduly burdensome.  However, subject to and without waiving said objection, Plaintiff directs

11   Defendant Pinnacle to the documents that had been produced previously.

12   **ARGUMENT:**

13             This request seeks production of any documents that plaintiff believes supports any

14   claim by him that he is not responsible for any portion of the debt attributed to any of the accounts

15   that are the subject of this lawsuit.  This would seem to be a fairly simple response, however,

16   plaintiff has refused to provide a simple straightforward response.  Instead, plaintiff has objected to

17   the discovery and simply referred PINNACLE to all documents that he has previously produced in

18   this case.  This response fails for two reasons.

19             First, the objections to this request are without merit.

20             Plaintiff has provided no basis for the objections that the request is overly broad and

21   unduly burdensome as required and it is unclear how the request could be overly broad and unduly

22   burdensome since it only requests that plaintiff produce the documents that he has regarding his

23   accounts that are the subject of his claims against PINNACLE.  *St. Paul Reinsurance Co., Ltd. v.*

24   *Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

25             Second, plaintiff's attempt to refer PINNACLE to documents that have been

26   previously produced is an improper response.  PINNACLE has just appeared in this case and has

27   not been served with any documents that supposedly were previously produced.  In addition, the

28   response must specifically identify documents that are responsive to the request.  *Frontier-Kemper*

-10-

LAW OFFICES OF TIMOTHY P. JOHNSON

1    *Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.   Referring

2    PINNACLE to all of the documents that may have been produced in this case by all of the parties to

3    this lawsuit does not meet the requirements or spirit of the discovery procedures.

4            A further response to this document request without objections is appropriate.

5

6    **REQUEST TO PRODUCE NO. 3:**

7            All written communications between you and credit reporting agencies regarding the

8    Accounts.

9    **RESPONSE TO REQUEST TO PRODUCE NO. 3:**

10           Plaintiff objects to this Document Request on the grounds that it is overly broad and

11   unduly burdensome.   However, subject to and without waiving said objection, Plaintiff directs

12   Defendant Pinnacle to the documents that had been produced previously.

13   **ARGUMENT:**

14           Plaintiff alleges in ¶29 of his complaint that he notified credit reporting agencies that

15   he was disputing the reports by PINNACLE regarding his accounts.   In ¶30 of his complaint, he

16   alleges that the credit reporting agencies notified PINNACLE regarding plaintiff's disputes.   In ¶32

17   of his complaint, plaintiff alleges that PINNACLE failed to properly respond to the credit reporting

18   agencies regarding his disputes.   In addition, plaintiff has claimed in other documents that he

19   personally contacted PINNACLE regarding his accounts.

20           Accordingly, PINNACLE has requested plaintiff to produce all documents in his

21   possession regarding these communications.   Instead, plaintiff has objected to the discovery and

22   simply referred PINNACLE to all documents that he has previously produced in this case.   This

23   response fails for two reasons.

24           First, the objections to this request are without merit.

25           Plaintiff has provided no basis for the objections that the request is overly broad and

26   unduly burdensome as required and it is unclear how the request could be overly broad and unduly

27   burdensome since it only requests that plaintiff produce the documents that he has regarding his

28   accounts that are the subject of his claims against PINNACLE.  *St. Paul Reinsurance Co., Ltd. v.*

-11-

*Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Second, plaintiff's attempt to refer PINNACLE to documents that have been previously produced is an improper response.  PINNACLE has just appeared in this case and has not been served with any documents that supposedly were previously produced.  In addition, the response must specifically identify documents that are responsive to the request.  *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.  Referring PINNACLE to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is appropriate.

**REQUEST TO PRODUCE NO. 4:**

All written communications between any credit reporting agency and PINNACLE regarding the Accounts.

**RESPONSE TO REQUEST TO PRODUCE NO. 4:**

Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome.  However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**ARGUMENT:**

Plaintiff alleges in ¶29 of his complaint that he notified credit reporting agencies that he was disputing the reports by PINNACLE regarding his accounts.  In ¶30 of his complaint, he alleges that the credit reporting agencies notified PINNACLE regarding plaintiff's disputes.  In ¶32 of his complaint, plaintiff alleges that PINNACLE failed to properly respond to the credit reporting agencies regarding his disputes.  In addition, plaintiff has claimed in other documents that he personally contacted PINNACLE regarding his accounts.

Accordingly, PINNACLE has requested plaintiff to produce all documents in his possession regarding these communications.  Instead, plaintiff has objected to the discovery and simply referred PINNACLE to all documents that he has previously produced in this case.  This response fails for two reasons.

Case No.  C-07-5956 CRB                                           STATEMENT OF DISCOVERY

LAW OFFICES OF TIMOTHY P. JOHNSON

LAW OFFICES OF TIMOTHY P. JOHNSON

1    First, the objections to this request are without merit.

2    Plaintiff has provided no basis for the objections that the request is overly broad and

3  unduly burdensome as required and it is unclear how the request could be overly broad and unduly

4  burdensome since it only requests that plaintiff produce the documents that he has regarding his

5  accounts that are the subject of his claims against PINNACLE.  *St. Paul Reinsurance Co., Ltd. v.*

6  *Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

7    Second, plaintiff's attempt to refer PINNACLE to documents that have been

8  previously produced is an improper response.  PINNACLE has just appeared in this case and has

9  not been served with any documents that supposedly were previously produced.  In addition, the

10  response must specifically identify documents that are responsive to the request.  *Frontier-Kemper*

11  *Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.  Referring

12  PINNACLE to all of the documents that may have been produced in this case by all of the parties to

13  this lawsuit does not meet the requirements or spirit of the discovery procedures.

14    A further response to this document request without objections is appropriate.

15

16  **REQUEST TO PRODUCE NO. 5:**

17    All written communications between you and PINNACLE regarding the Accounts.

18  **RESPONSE TO REQUEST TO PRODUCE NO. 5:**

19    Plaintiff objects to this Document Request on the grounds that it is overly broad and

20  unduly burdensome.  However, subject to and without waiving said objection, Plaintiff directs

21  Defendant Pinnacle to the documents that had been produced previously.

22  **ARGUMENT:**

23    Plaintiff alleges in ¶29 of his complaint that he notified credit reporting agencies that

24  he was disputing the reports by PINNACLE regarding his accounts.  In ¶30 of his complaint, he

25  alleges that the credit reporting agencies notified PINNACLE regarding plaintiff's disputes.  In ¶32

26  of his complaint, plaintiff alleges that PINNACLE failed to properly respond to the credit reporting

27  agencies regarding his disputes.  In addition, plaintiff has claimed in other documents that he

28  personally contacted PINNACLE regarding his accounts.

-13-

LAW OFFICES OF TIMOTHY P. JOHNSON

1    Accordingly, PINNACLE has requested plaintiff to produce all documents in his

2    possession regarding these communications.  Instead, plaintiff has objected to the discovery and

3    simply referred PINNACLE to all documents that he has previously produced in this case.  This

4    response fails for two reasons.

5    First, the objections to this request are without merit.

6    Plaintiff has provided no basis for the objections that the request is overly broad and

7    unduly burdensome as required and it is unclear how the request could be overly broad and unduly

8    burdensome since it only requests that plaintiff produce the documents that he has regarding his

9    accounts that are the subject of his claims against PINNACLE.  *St. Paul Reinsurance Co., Ltd. v.*

10   *Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

11   Second, plaintiff's attempt to refer PINNACLE to documents that have been

12   previously produced is an improper response.  PINNACLE has just appeared in this case and has

13   not been served with any documents that supposedly were previously produced.  In addition, the

14   response must specifically identify documents that are responsive to the request.  *Frontier-Kemper*

15   *Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.  Referring

16   PINNACLE to all of the documents that may have been produced in this case by all of the parties to

17   this lawsuit does not meet the requirements or spirit of the discovery procedures.

18   A further response to this document request without objections is appropriate.

19

20   **REQUEST TO PRODUCE NO. 7:**

21   All documents that contain any facts upon which you base your claim that

22   PINNACLE violated 15 USC §1692, et seq. as alleged in the Third Claim of your lawsuit.

23   **RESPONSE TO REQUEST TO PRODUCE NO. 7:**

24   Plaintiff objects to this Document Request on the grounds that it is overly broad and

25   unduly burdensome.  Plaintiff further objects to this Document Request to the extent it requires

26   plaintiff to produce documents that are obtained by a representative of Plaintiff in anticipation of

27   litigation or for trial and production would disclose the representative's mental impressions,

28   conclusions, opinions and legal theories.  However, subject to and without waiving said objection,

-14-

1  Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

2  **ARGUMENT:**

3        This case involves a claim by plaintiff that PINNACLE violated FDCPA regarding

4  one or more of his consumer accounts. PINNACLE has requested that plaintiff produce all

5  documents regarding the basis for his claims that PINNACLE violated the FDCPA regarding his

6  accounts. Instead, plaintiff has objected to the discovery and simply referred PINNACLE to all

7  documents that he has previously produced in this case. This response fails for two reasons.

8        First, the objections to this request are without merit.

9        Plaintiff has provided no basis for the objections that the request is overly broad and

10 unduly burdensome as required and it is unclear how the request could be overly broad and unduly

11 burdensome since it only requests that plaintiff produce the documents that he has regarding his

12 accounts that are the subject of his claims against PINNACLE. *St. Paul Reinsurance Co., Ltd. v.*

13 *Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

14       Plaintiff also appears to be raising the objection of attorney work product. If so, any

15 documents that plaintiff believes are subject to such privilege must be clearly identified and

16 described to permit PINNACLE to assess the validity of the claim. *Federal Rules of Civil*

17 *Procedure*, Rule 26 (b)(5)(A)(ii). Plaintiff has failed to comply with that requirement.

18       Second, plaintiff's attempt to refer PINNACLE to documents that have been

19 previously produced is an improper response. PINNACLE has just appeared in this case and has

20 not been served with any documents that supposedly were previously produced. In addition, the

21 response must specifically identify documents that are responsive to the request. *Frontier-Kemper*

22 *Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring

23 PINNACLE to all of the documents that may have been produced in this case by all of the parties to

24 this lawsuit does not meet the requirements or spirit of the discovery procedures.

25       A further response to this document request without objections is appropriate.

26 ///

27 ///

28 ///

LAW OFFICES OF TIMOTHY P. JOHNSON

**REQUEST TO PRODUCE NO. 8:**

All discovery served in this lawsuit by any party and all responses to that discovery.

**RESPONSE TO REQUEST TO PRODUCE NO. 8:**

Plaintiff objects to this Documents Request on the grounds that it is overly broad and unduly burdensome.  However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been served previously.  Plaintiff also directs Defendant Pinnacle and its counsel to Rule 11 of the Federal Rules of Civil Procedure.

**ARGUMENT:**

PINNACLE appeared late in this lawsuit.  Substantial discovery has apparently taken place in this case prior to PINNACLE's appearance.  Several defendant's have settled with plaintiff and been dismissed from the lawsuit.

Plaintiff is the only viable source of all discovery that has taken place in this case since several parties have been dismissed.

This request asks for copies of all discovery including responses served in this case.  The objections served in response to this request as well as the balance of the response are not meritorious.

Instead, plaintiff has objected to the discovery and simply referred PINNACLE to all documents that he has previously produced in this case.  This response fails for two reasons.

First, the objections to this request are without merit.

Plaintiff has provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only requests that plaintiff produce the discovery that has taken place in this case.  *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Second, plaintiff's attempt to refer PINNACLE to documents that have been previously produced is an improper response.  PINNACLE has just appeared in this case and has not been served with any documents that supposedly were previously produced.  In addition, the response must specifically identify documents that are responsive to the request.  *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528.  Referring

-16-

STATEMENT OF DISCOVERY

LAW OFFICES OF TIMOTHY P. JOHNSON

PINNACLE to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is appropriate.

Dated:  September 8, 2008

**LAW OFFICES OF TIMOTHY P. JOHNSON**


By:  /S/ Timothy P. Johnson_____
     TIMOTHY P. JOHNSON
     Attorneys for Defendant PINNACLE CREDIT
     SERVICES, LLC

Tpj:cww/Williams/pleadings/006

**PROOF OF SERVICE BY MAIL**
C.C.P. §1013(a), C.R.C. 2003(3), 2005(I)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17821 E. 17th Street, Suite 290, Tustin, California 92780.

On September 12, 2008, I served the foregoing document described as **SEPARATE STATEMENT REGARDING DISPUTED DISCOVERY RESPONSES SUBMITTED IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by:

    ✓    placing __ the original  ✓  a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

    ✓    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    __    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

    __    **BY FACSIMILE TRANSMISSION:** From Fax No. (714) 832-1179 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

    __    **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on September 12, 2008 at Tustin, California.


    /S/ Carol w. Wiese                  
    CAROL W. WIESE

-18-

*Williams v. Trans Union, et al.*
**USDC, Case No. C-07-5956 CRB**

**MAILING LIST**

James Z. Margolis, Esq. (Bar No. 52613)
405 14th Street, Suite 1010
Oakland, CA 94612
(510) 834-8311  Fax:  (510) 834-8370
Email:  jzmarg@aol.com
*Attorney for Plaintiff Michael Williams*

Tomio B. Narita, Esq.
Jeffrey A. Topor, Esq.
Robin M. Bowen, Esq.
SIMMONDS & NARITA, LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
(415) 283-1000  FAX:  (415) 352-2625
Email: tnarita@snllp.com; jtopor@snllp.com
*Attorneys for Defendant ASSET ACCEPTANCE, INC.*

David L. Wallach, Esq. (Bar No. 233432)
JONES DAY
555 California Street
San Francisco, CA 94105
(415) 626-3939  FAX: (415) 875-5700
Email: dwallach@jonesday.com
*Attorneys for Defendant EXPERIAN INFORMATION SOLUTIONS, INC.*

Thomas P. Quinn, Esq.
NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 365-3055  FAX: (949) 376-3070
Email:  tquinn@nokesquinn.com
*Attorneys for EQUIFAX INFORMATION SERVICES, LLC*

Cara Hergenroether, Esq.
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, GA 30309-3521
Tel: (404) 215-5796
Fax: (404) 572-5100
Email: chergenroether@KSLAW.com
*Attorneys for EQUIFAX INFORMATION SERVICES, LLC*

LAW OFFICES OF TIMOTHY P. JOHNSON

-19-

Case No.  C-07-5956 CRB                                    STATEMENT OF DISCOVERY