TIMOTHY P. JOHNSON (BAR No. 66333)
**LAW OFFICES OF TIMOTHY P. JOHNSON**
17821 E. 17TH STREET, SUITE 290
TUSTIN, CALIFORNIA 92780
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendant PINNACLE CREDIT SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>    Plaintiff,<br><br>    vs.<br><br>TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.;, EQUIFAX INFORMATION SERVICES, LLC, AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.; DISCOVER FINANCIAL SERVICES; PINNACLE CREDIT SERVICES, INC.; ASSET ACCEPTANCE, LLC; and NATIONAL CREDIT ADJUSTERS, LLC.<br><br>    Defendants. | Case No. C-07-5956 CRB<br><br>**DEFENDANT PINNACLE CREDIT SERVICES, LLC'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION** |

**TO PLAINTIFF IN PRO PER HEREIN, ROBERT MICHAEL WILLIAMS:**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, defendant PINNACLE CREDIT SERVICES, LLC (hereinafter referred to as "PINNACLE") propounds the following discovery interrogatories and requests:

Any references to "defendant", "defendants", "defendant's" or "defendant(s)" shall be treated as referring to each and every defendant named within this lawsuit, individually and collectively, as may be appropriate. Any references to "plaintiff", "plaintiffs", "plaintiff's" or "plaintiffs'" shall be treated as referring to each and every plaintiff named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests,

any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the plaintiff shall make any such object and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, plaintiff shall state the legal basis for that privilege defendant invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and plaintiff is obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned defendant's counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of plaintiff, which plaintiff has knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, ZIP-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions

or report of consultants, photographs, video tape, motion picture films, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any documents, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopies or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a. The date of the document;

b. The type of document;

c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d. The name of the employer or principal whom the signers, addressers and preparers were representing;

e. The present location of the document;

f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g. A summary of the contents of the document; and

h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Defendant requests that the documents be made available for this inspection at the offices of counsel for defendant at the offices of

Law Offices of Timothy P. Johnson

17821 E 17th Street, Suite 290

Tustin, California 92780

Or at such office of the defendant as may be the location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of plaintiff's duties and responsibilities.

-3-
Case No. C-07-5956 CRB  INTERROGATORIES; REQUEST FOR PRODUCTION; REQUESTS FOR ADMISSION

Defendant further requests that this inspection be permitted by plaintiff immediately after plaintiff's response to this request has been filed, and that defendant's attorneys be permitted to remove from plaintiff's custody such documents as they may desire to copy, on the understanding that defendant's attorneys will be responsible for such documents so long as they are in their possession, that copying will be done at defendant's expense, and that the documents will be promptly returned after copying has been completed.

These interrogatories and discovery requests are intended to cover all documents in plaintiff's possession, or subject to their custody and control regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon plaintiff's entire knowledge from all sources and all information in defendant' possession or otherwise available to plaintiff, including information from plaintiff's officers, employees, agents, representatives, or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, plaintiff shall state specifically the terms of each qualification and the reasons for it. If any interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the interrogatory to which is responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**INTERROGATORIES:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant requests that

plaintiff answer, under oath, the following interrogatories:

1. Describe each of your consumer accounts that is the subject of your claims against PINNACLE in this lawsuit (the consumer accounts identified in the response to this interrogatory hereinafter will be referred to as "the Accounts" in these interrogatories.

2. If you contend that you are not responsible for any portion of the debt attributable to the Accounts, state each fact upon which you base the contention.

3. Identify each credit reporting agency that you contend notified PINNACLE that you disputed any information being reported by PINNACLE regarding the Accounts.

4. State the date that PINNACLE was notified by each credit reporting agency that you disputed any information being reported by PINNACLE regarding the Accounts.

5. State the content of each notification by a credit reporting agency to PINNACLE that you disputed any information being reported by PINNACLE regarding the Accounts.

6. Describe the inaccurate information that you contend that PINNACLE has furnished to any credit reporting agency regarding the Accounts.

7. Describe each element of damages that you have sustained at a result of any conduct by PINNACLE.

8. Describe the false, deceptive or misleading representations or means used by PINNACLE to collect any alleged debt owed by you.

9. Identify all facts upon which you base your claim that PINNACLE violated 15 USC §1681.2(b) as alleged in the Second Claim of your lawsuit.

10. Identify all facts upon which you base your claim that PINNACLE violated 15 USC §1692, et seq. as alleged in the Third Claim of your lawsuit.

11. Identify all communications between you and PINNACLE regarding the Accounts.

### REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant requests that plaintiff produce within thirty (30) days, the documents described herein and permit defendant the

its attorneys to inspect and copy such documents as they may desire:

1. All documents relating to each consumer account that is the subject of your claims against PINNACLE in this lawsuit (the consumer accounts referenced by this request will hereinafter be referred to as "the Accounts" in these requests to product).

2. All documents which you believe support your claim that you are not responsible for any portion of the debt attributable to the Accounts.

3. All written communications between you and credit reporting agencies regarding the Accounts.

4. All written communications between any credit reporting agency and PINNACLE regarding the Accounts.

5. All written communications between you and PINNACLE regarding the Accounts.

6. All documents that contain any facts upon which you base your claim that PINNACLE violated 15 USC §1681.2(b) as alleged in the Second Claim of your lawsuit.

7. All documents that contain any facts upon which you base your claim that PINNACLE violated 15 USC §1692, et seq. as alleged in the Third Claim of your lawsuit.

8. All discovery served in this lawsuit by any party and all responses to that discovery.

9. All pleadings served in this lawsuit by any party.

## REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendant demands that plaintiff either admit or deny the following enumerated Requests for Admission within thirty (30) days of service hereof.

1. Admit that PINNACLE CREDIT SERVICES, LLC is not the subject of the First Claim in your lawsuit.

///

///

///

2. Admit that PINNACLE CREDIT SERVICES, LLC is not the subject of the Fourth Claim in your lawsuit.

Dated: June 12, 2008

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By: /s/ Timothy P. Johnson
TIMOTHY P. JOHNSON
Attorneys for Defendant PINNACLE CREDIT SERVICES, LLC

Tpj:cww/Williams/discovery/001

# PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17821 E. 17th Street, Suite 290, Tustin, California 92780.

On June 6, 2008, I served the foregoing document described as **DEFENDANT PINNACLE CREDIT SERVICES, LLC'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION** on all interested parties in this action by:

✓   placing __ the original ✓ a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

✓   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

__   **BY FACSIMILE TRANSMISSION:** From Fax No. (714) 832-1179 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

__   **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on June 6, 2008 at Tustin, California.

*/s/ Carol W. Wiese*
CAROL W. WIESE

*Williams v. Trans Union, et al.*
<u>USDC, Case No. C-07-5956 CRB</u>

### MAILING LIST

| | |
|---|---|
| R. Michael Williams, MS, MD, PhD<br>269 S. Beverly Drive, Suite 588<br>Beverly Hills, California 90212<br>310-270-7194  FAX: (310) 828-0737<br>*Pro Se* | Tomio B. Narita, Esq.<br>Jeffrey A. Topor, Esq.<br>SIMMONDS & NARITA, LLP<br>44 Montgomery Street, Suite 3010<br>San Francisco, CA 94104-4816<br>(415) 283-1000  FAX: (415) 352-2625<br>Email: tnarita@snllp.com; jtopor@snllp.com<br>*Attorneys for Defendant ASSET ACCEPTANCE, INC.* |
| Donald E. Bradley, Esq.<br>MUSICK PEELER & GARRETT LLP<br>650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626<br>(714) 668-2400  FAX: (714) 668-2490<br>Email: d.bradley@mpglaw.com<br>*Attorneys for Defendant TRANS UNION LLC* | David S. Reidy, Esq.<br>James E. Heffner, Esq.<br>REED SMITH<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111-3922<br>(415) 543-8700  FAX: (415) 391-8269<br>Email: dreidy@reedsmith.com<br>Email: acolman@reedsmith.com<br>*Attorneys for DFS SERVICES LLC* |
| David L. Wallach, Esq. (Bar No. 233432)<br>JONES DAY<br>555 California Street<br>San Francisco, CA 94105<br>(415) 626-3939  FAX: (415) 875-5700<br>Email: dwallach@jonesday.com<br>*Attorneys for Defendant EXPERIAN INFORMATION SOLUTIONS, INC.* | Thomas P. Quinn, Esq.<br>NOKES & QUINN<br>450 Ocean Avenue<br>Laguna Beach, CA 92651<br>(949) 365-3055  FAX: (949) 376-3070<br>Email: tquinn@nokesquinn.com<br>*Attorneys for EQUIFAX INFORMATION SERVICES, LLC* |
| Lucinda W. Andrew, Esq. (TX Bar # 00796128)<br>JONES DAY<br>2727 North Harwood Street<br>Dallas TX 75201<br>(214) 220-3939  FAX: (214) 969-5100<br>Email: candrew@jonesday.com<br>*Attorneys for Defendant EXPERIAN INFORMATION SOLUTIONS, INC.* | |