Robert Michael Williams
269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212
Ph: (310) 270-7194 Fax: (925) 828-0734
twmeg@aol.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; PINNACLE CREDIT SERVICES, LLC; and ASSET ACCEPTANCE, LLC.<br><br>Defendants. | Case No.: CV 07 05956 CRB<br><br>PLAINTIFF'S ANSWER TO PINNACLE CREDIT SERVICES, LLC'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION |

PROPOUNDING PARTY: Defendant Pinnacle Credit Services, LLC

RESPONDING PARTY: Plaintiff Robert Michael Williams

TO DEFENDANT PINNACLE CREDIT SERVICES, LLC AND COUNSEL OF RECORD:

**ANSWER TO INTERROGATORIES**

COMES NOW Plaintiff, Robert Michael Williams, and for his responses to Defendant Pinnacle Credit Services, LLC's ("Pinnacle") Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, states as follows:

**INTRODUCTORY STATEMENT**

The following responses have been prepared and are provided based upon information currently accessible to Plaintiff. However, Plaintiff's discovery and investigation are continuing, and

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 1

EXHIBIT B Page 1 of 8

shall do so as along as permitted by law. Accordingly, Plaintiff expressly reserves the right to offer any later discovered information, before or at the time of trial.

Plaintiff responds to the Interrogatories as he understands each of them. Should Defendant Pinnacle subsequently assert an interpretation of any Interrogatory that differs from Plaintiff's understanding, Plaintiff expressly reserves the right to supplement his objections and/or responses.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to the "Definitions" and "Instructions" to the extent they purport to place any obligation upon Plaintiff beyond what is required by Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY NO.1:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous as to the term "your".

**INTERROGATORY NO.2:**

Plaintiff objects to this Interrogatory on the basis that the interrogatory is overly broad, unduly burdensome, vague and ambiguous. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the previously produced letter from the original creditor stating that Plaintiff is not responsible for the debt.

**INTERROGATORY NO.3:**

Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

**INTERROGATORY NO.4:**

Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 2

EXHIBIT B Page 2 of 8

**INTERROGATORY NO.5:**

Plaintiff objects to this Interrogatory to the extent it calls for hearsay speculation, and the Interrogatory is vague, ambiguous and fails to specify a reasonable date and time.

**INTERROGATORY NO.6:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the previously produced documents, which show that Pinnacle re-aged, furnished and verified account(s) as "collection account".

**INTERROGATORY NO.7:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous as to the term "at". However, subject to and without waiving said objection, Plaintiff's damages included, but are not limited to, emotional distress, denial of credit, substantial financial loss, defamation of character, and attorneys' fees and costs.

**INTERROGATORY NO.8:**

Plaintiff objects to this Interrogatory on the basis that the interrogatory is vague and ambiguous as to the terms "owed by you". However, subject to and without waiving said objection, the "false, deceptive or misleading representations" include but not limited to, Defendant Pinnacle's repeated, continuous and deliberate refusal to delete and/or permanently block the reporting of the inaccurate information about Plaintiff to the Consumer Reporting Agencies, and misrepresenting the alleged debt, in order to coerce Plaintiff to pay.

**INTERROGATORY NO.9:**

Plaintiff objects to this Interrogatory on the basis that no such statute exists.

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 3

EXHIBIT B Page 3 of 8

**INTERROGATORY NO.10:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous, and fails to specify a reasonable date and time. However, subject to and without waiving said objection, the claim is based upon, including but not limited to, Defendant Pinnacle's repeated failure to provide proof that the debt was in fact Plaintiff's; re-aging, furnishing and verifying inaccurate information on Plaintiff's credit report, and making impermissible inquiries of Plaintiff's credit file; and engaging in collection activities by misrepresenting the alleged debt after it received definitive information that Plaintiff is not responsible for the debt.

**INTERROGATORY NO.11:**

Plaintiff objects to this Interrogatory on the basis that the Interrogatory is vague and ambiguous, and fails to specify a reasonable date and time.

**ANSWER TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff, Robert Michael Williams, and for his responses to Defendant Pinnacle's Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, states as follows:

**INTRODUCTORY STATEMENT**

The following responses have been prepared and are provided based upon information currently accessible to Plaintiff. However, Plaintiff's discovery and investigation are continuing, and shall do so as along as permitted by law. Accordingly, Plaintiff expressly reserves the right to offer any later discovered information, before or at the time of trial.

Plaintiff responds to the Requests for Production of Documents as he understands each of them. Should Defendant Pinnacle subsequently assert an interpretation of any Request(s) for

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 4

**EXHIBIT B** **Page 4 of 8**

Production of Document(s) that differs from Plaintiff's understanding, Plaintiff expressly reserves the right to supplement his objections and/or responses.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to the "Definitions" and "Instructions" to the extent they purport to place any obligation upon Plaintiff beyond what is required by Rule 34 of the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO.1:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.2:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.3:** Plaintiff objects to this Document Request on the grounds that it is overly broad, unduly burdensome, and the documents are not relevant or reasonably calculated to lead to the discovery of admissible evidence. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.4:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.5:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Document Request to the extent it requires Plaintiff to produce documents that are obtained by a representative of Plaintiff in anticipation of litigation or for trial and production would disclose the representative's mental

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 5

EXHIBIT B Page 5 of 8

impressions, conclusions, opinions or legal theories. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.6:** Plaintiff objects to this Document Request on the grounds that Plaintiff did not base a claim on "15 USC §1681.2(b)".

**DOCUMENT REQUEST NO.7:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Document Request to the extent it requires Plaintiff to produce documents that are obtained by a representative of Plaintiff in anticipation of litigation or for trial and production would disclose the representative's mental impressions, conclusions, opinions or legal theories. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been produced previously.

**DOCUMENT REQUEST NO.8:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been served previously. Plaintiff also directs Defendant Pinnacle and its counsel to Rule 11 of the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO.9:** Plaintiff objects to this Document Request on the grounds that it is overly broad and unduly burdensome. However, subject to and without waiving said objection, Plaintiff directs Defendant Pinnacle to the documents that had been served previously. Plaintiff also directs Defendant Pinnacle and its counsel to Rule 11 of the Federal Rules of Civil Procedure.

## ANSWER TO REQUESTS FOR ADMISSION

COMES NOW Plaintiff, Robert Michael Williams, and for his responses to Defendant Pinnacle's Requests for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure, states as follows:

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 6

EXHIBIT B Page 6 of 8

**INTRODUCTORY STATEMENT**

The following responses have been prepared and are provided based upon information currently accessible to Plaintiff. However, Plaintiff's discovery and investigation are continuing, and shall do so as along as permitted by law. Accordingly, Plaintiff expressly reserves the right to offer any later discovered information, before or at the time of trial.

Plaintiff responds to the Requests for Admission as he understands each of them. Should Defendant Pinnacle subsequently assert an interpretation of any Request for Admission that differs from Plaintiff's understanding, Plaintiff expressly reserves the right to supplement his objections and/or responses.

**DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to the "Definitions" and "Instructions" to the extent they purport to place any obligation upon Plaintiff beyond what is required by Rule 36 of the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO.1:**

As framed, denied.

**REQUEST FOR ADMISSION NO.2:**

Denied.

Dated: June 21, 2008. By: R. Michael Williams

Plaintiff Robert Michael Williams

**VERIFICATION BY CERTIFICATION**

Under penalties as provided by the laws of the United States, the undersigned certifies that the statements set forth in Plaintiff's "Answer to Interrogatories" are true and correct, except as to matters to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

R. Michael Williams

Robert Michael Williams

*Williams v. Pinnacle Credit Services, LLC, Case No. CV 07 05956 CRB*
Plaintiff's Answer to Pinnacle's Interrogatories, Requests for Production of Documents, and Requests for Admission 7

EXHIBIT B Page 7 of 8

**PROOF OF SERVICE**

*William v. Trans Union, et. al. - Case No. CV 07 05956 CRB*

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My address is 3716 Dragoo Park Drive, Tracy, CA 95356.

On June 21, 2008, I served the foregoing document described as: **PLAINTIFF'S ANSWER TO PINNACLE CREDIT SERVICES, LLC'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION** on all interested parties in this action by placing a true copy thereof in a sealed envelope with first class postage fully prepaid, and depositing same in the U.S. Mail receptacle located at Santa Rita Road and Dublin Boulevard in Dublin, California, properly addressed as follows:

Cindy W. Andrew, Esq.
Jones Day
2727 North Harwood Street
Dallas, Texas 75201
**Attorneys for Defendant Experian**

Thomas P. Quinn, Esq.
Nokes & Quinn
450 Ocean Avenue
Laguna Beach, California 92651
**Attorneys for Defendant Equifax**

David L. Wallach, Esq.
Jones Day
555 California Street
San Francisco, California 94105
**Attorneys for Defendant Experian**

Cara L. Hergenroether, Esq.
King & Spalding, LLP
1180 Peachtree Street
Atlanta, Georgia 30309
**Attorneys for Defendant Equifax**

Tomio Buck Narita, Esq.
Jeffrey A. Topor, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California 94104
**Attorneys for Defendant Asset Acceptance**

Timothy Peter Johnson, Esq.
Law Offices of Timothy P. Johnson
17821 E. 17th Street, Suite 290
Tustin, California 92780
**Attorney for Defendant Pinnacle**

I am readily familiar with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with United States Postal Service on that same day with postage thereon fully prepaid before the hour of 5:00 p.m., in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 21, 2008

Marlene Mourer
Marlene Mourer