LAW OFFICES OF TIMOTHY P. JOHNSON

ATTORNEY AT LAW
17821 E. 17TH STREET, SUITE 290
TUSTIN, CALIFORNIA 92780
(714) 832-1170
FAX (714) 832-1179
internet: www.johnson-chambers.com

Timothy P. Johnson
tjohnson@johnson-chambers.com

admin@johnson-chambers.com

June 25, 2008

VIA FACSIMILE
AND U.S. MAIL

Robert Michael Williams, MS, MD, PhD
269 S. Beverly Drive, Suite 588
Beverly Hills, California 90212

RE:    *Williams v. Transunion, et al.*

Dear Mr. Williams:

I am in receipt of your discovery responses recently served on me. I would like to take this opportunity to meet and confer with you regarding those discovery responses in an effort to avoid the necessity of seeking court intervention to obtain proper responses.

**INTERROGATORY NO. 1:**

The objection that "your" is vague and ambiguous is absurd. The meaning of "your" especially in the context of "your" claims is clear and straightforward. If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. In your letters to me of June 21 and June 23, 2008, I note that you have used the term "your" on five occasions. I assume that you understood the meaning of "your" when you used that word in your correspondence to me. A further response to this interrogatory is demanded.

**INTERROGATORY NO. 2:**

The objections that this interrogatory is overly broad and unduly burdensome are without merit. The interrogatory simply asked if you contend that you are not responsible for any portion of the debts attributed to your consumer accounts that are the basis of your claims against Pinnacle. There is nothing overbroad about that question. If you contend that a question is overbroad, it is your obligation to answer that portion of the question that is proper and provide a meaningful explanation of the basis for the objection. *Mitchell v. National R.R. Passenger Corp.* (D DC 2002) 208 FRD 508, 512. You have failed to do that.

The objections that the question is vague and ambiguous are also without merit. If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing

**EXHIBIT C**                                    **Page 1 of 9**

Robert Michael Williams
June 25, 2008
Page 2
Re:    *Williams v. Transunion, et al.*

ordinary definitions to the terms and phrases utilized in the interrogatory. You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

Finally, your response is inadequate and improper. Your attempt to refer me to some document is improper. I am entitled to a response that is complete in and of itself without reference to other materials including other documents. *Scaife v. Boenne* (ND IN 2000) 191 FRD 590, 594.

A further response to this interrogatory without objections is demanded.

**INTERROGATORY NO. 3:**

The objections to this interrogatory are without merit. This interrogatory simply asks you to identify each credit reporting agency that you contend contacted Pinnacle regarding the accounts involved with your dispute with Pinnacle. Your response is patently evasive.

The objections that the interrogatory calls for hearsay and speculation are without merit. These are not valid objections to discovery.

The objections that the question is vague and ambiguous are also without merit. If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

The objection that the interrogatory fails to specify a reasonable date and time is without merit. The interrogatory obviously only addresses the issues that are the subject of this lawsuit. You are the person who can set the parameters of date and time in that regard.

A further response to this interrogatory without objections is demanded.

**INTERROGATORY NO. 4:**

The objections to this interrogatory are without merit. This interrogatory simply asks you to identify the date of each contact by each credit reporting agency that you contend contacted

**EXHIBIT C**                                        **Page 2 of 9**

Robert Michael Williams
June 25, 2008
Page 3
Re:    *Williams v. Transunion, et al.*

Pinnacle regarding the accounts involved with your dispute with Pinnacle.  Your response is patently evasive.

The objections that the interrogatory calls for hearsay and speculation are without merit. These are not valid objections to discovery.

The objections that the question is vague and ambiguous are also without merit.  If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory.  You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities.  *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

The objection that the interrogatory fails to specify a reasonable date and time is without merit.  The interrogatory obviously only addresses the issues that are the subject of this lawsuit. You are the person who can set the parameters of date and time in that regard.

A further response to this interrogatory without objections is demanded.

**INTERROGATORY NO. 5:**

The objections to this interrogatory are without merit.  This interrogatory simply asks you to state the content of each notification by each credit reporting agency to Pinnacle regarding the accounts involved with your dispute with Pinnacle.  Your response is patently evasive.

The objections that the interrogatory calls for hearsay and speculation are without merit. These are not valid objections to discovery.

The objections that the question is vague and ambiguous are also without merit.  If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory.  You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities.  *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

The objection that the interrogatory fails to specify a reasonable date and time is without merit.  The interrogatory obviously only addresses the issues that are the subject of this lawsuit. You are the person who can set the parameters of date and time in that regard.

**EXHIBIT C**                                    **Page 3 of 9**

Robert Michael Williams
June 25, 2008
Page 4
Re:    *Williams v. Transunion, et al.*

A further response to this interrogatory without objections is demanded.

**INTERROGATORY NO. 6:**

The objections to this interrogatory are without merit. This interrogatory asks you to identify the inaccurate information that you contend that Pinnacle provided to any credit reporting agencies.

The objections that the question is vague and ambiguous are without merit. If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

Finally, your response is inadequate and improper. Your attempt to refer me to some document is improper. I am entitled to a response that is complete in and of itself without reference to other materials including other documents. *Scaife v. Boenne* (ND IN 2000) 191 FRD 590, 594.

A further response to this interrogatory without objections is demanded.

**INTERROGATORY NO. 11:**

The objections to this interrogatory are without merit. This interrogatory simply asks to identify all communications between you and Pinnacle regarding the accounts that are the subject of your claims against Pinnacle.

The objections that the question is vague and ambiguous are without merit. If there is somehow any ambiguity, it is your obligation to respond to this interrogatory by attributing ordinary definitions to the terms and phrases utilized in the interrogatory. You have made no effort to provide a meaningful response to this interrogatory by attempting to resolve any claimed ambiguities by clarifying any supposed ambiguities in the response or attempting to meet and confer with me to clarify any ambiguities. *Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310; *Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497.

**EXHIBIT C**                                        **Page 4 of 9**

Robert Michael Williams
June 25, 2008
Page 5
Re:    *Williams v. Transunion, et al.*

The objection that the interrogatory fails to specify a reasonable date and time is without merit. The interrogatory obviously only addresses the issues that are the subject of this lawsuit. You are the person who can set the parameters of date and time in that regard.

A further response to this interrogatory without objections is demanded.

**RTP NO. 1:**

The objections to this request are without merit. This request asks that you produce all documents relating to the accounts that are the subject of your claims against Pinnacle only. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 2:**

The objections to this request are without merit. This request asks that you produce all documents relating to the basis for your claim that you are not responsible for the debts that are the subject of the accounts involved with Pinnacle only. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically

**EXHIBIT C**                                                                                            **Page 5 of 9**

Robert Michael Williams
June 25, 2008
Page 6
Re:    *Williams v. Transunion, et al.*

identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 3:**

The objections to this request are without merit. This request asks that you produce all documents relating to communications between you and credit reporting agencies with regard to your accounts with Pinnacle only. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your objections that these documents are not relevant or not likely to lead to discoverable evidence makes no sense since I am only asking for communications involving the accounts which are the subject of your claims against Pinnacle.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 4:**

The objections to this request are without merit. This request asks that you produce all documents relating to communications between Pinnacle and credit reporting agencies with regard to your accounts with Pinnacle only. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your

**EXHIBIT C**                                                                 **Page 6 of 9**

Robert Michael Williams
June 25, 2008
Page 7
Re:    *Williams v. Transunion, et al.*

accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 5:**

The objections to this request are without merit. This request asks that you produce all documents relating to communications between you and Pinnacle with regard to your accounts with Pinnacle only. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your objection that this request seeks documents obtained by your representative in anticipation of litigation or would disclose the thinking of the representative makes no sense. I only asked for your communications with Pinnacle. Those communications are obviously not privileged.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 7:**

**EXHIBIT C**                                        **Page 7 of 9**

Robert Michael Williams
June 25, 2008
Page 8
Re:    *Williams v. Transunion, et al.*

The objections to this request are without merit. This request asks that you produce all documents that form the basis of your claims in the Third Claim of your lawsuit against Pinnacle. The response is inappropriate.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

To the extent that the requested documents would seek documents subject to attorney-client privilege and/or attorney work product, I agree that such documents should not be produced. Otherwise, the documents are discoverable.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

A further response to this document request without objections is demanded.

**RTP NO. 8:**

This request asks for copies of all discovery including responses served in this case. The objections served in response to this request as well as the balance of the response are not meritorious.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

**EXHIBIT C**                                                                 **Page 8 of 9**

Robert Michael Williams
June 25, 2008
Page 9
Re:    *Williams v. Transunion, et al.*

You will need to explain for me the reference to Rule 11.

A further response to this document request without objections is demanded.

**RTP NO. 9:**

This request asks for copies of all pleadings served in this case. The objections served in response to this request as well as the balance of the response are not meritorious, however, I will agree that the scope of this request may be limited to documents not filed with the court.

You have provided no basis for the objections that the request is overly broad and unduly burdensome as required and it is unclear how the request could be overly broad and unduly burdensome since it only provides that you produce the documents that you have regarding your accounts that are the subject of your claims against Pinnacle. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.* (ND IA 2001) 198 FRD 508, 512.

Your response that Pinnacle is directed to documents that have been previously produced is an improper response. First, Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced. Second, your response must specifically identify documents that are responsive to the request. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* (S.D. W. Va. 2007) 246 FRD 522, 528. Referring me to all of the documents that may have been produced in this case by all of the parties to this lawsuit does not meet the requirements or spirit of the discovery procedures.

You will need to explain for me the reference to Rule 11.

A further response to this document request without objections is demanded.

I will be attending the court hearing on Friday and I am assuming that you will be attending as well. I am faxing this document to you in hope that we can take time on Friday to discuss supplemental responses to this discovery and avoid the time and expense of my having to file a motion to compel supplemental responses.

Very truly yours,

LAW OFFICES OF TIMOTHY P. JOHNSON

Timothy P. Johnson

TPJ:me/004

**EXHIBIT C**