# Robert Michael Williams, M.S., M.D., Ph.D.

269 S. Beverly Drive, Suite 588
Beverly Hills, CA 90212

June 26, 2008

Timothy P. Johnson, Esq.
Law Offices of Timothy P. Johnson
17821 E. 17th Street, Suite 290
Tustin, CA 92780
Fax: (714) 832-1179

    Re: *Williams v. Pinnacle, et. al.*
          <u>USDC, Northern District of California, Case No. 07-CV-05956-CRB</u>

Dear Mr. Johnson:

I am in receipt of your 10-page letter of June 25, 2008, in which you claim that my objections to your Interrogatories and Requests to Produce Documents on the basis of the requests being "overly broad and unduly burdensome are inappropriate" and thus, seek sanctions against me.

First, my agreeing to allow you to file an Answer on behalf of your client almost seven months after service of Summons and Complaint was simply a professional courtesy, and it should not be mistaken for docility. Second, your statements erroneously assume that the Judge will simply adopt your position. Third, I believe your behavior is affected by my refusal to accept your client's offer of a fraudulent declaration in exchange for dismissal. Fourth, there is no need for you to write a repetitive 10-page letter in order for you to inform me that you believe my responses are "inappropriate" since my brain is not clogged with fatty acids. Fifth, your letter asks for an "opportunity to meet and confer" with me. As I previously informed you, please direct all inquiries to my attorney, James Z. Margolis.

The following briefly addresses the baseless issues you raised in your 10-page letter:

Interrogatory No. 1: I understand the word "your". However, in this context, my objections are appropriate because your Interrogatory refers to [my] debt which does not exist.

Interrogatory No. 2: My objections are appropriate. You were provided with a copy of a letter from the original creditor stating that I am not responsible for the debt.

Interrogatory Nos. 3, 4 & 5: My objections are appropriate. Your client's conduct is at issue, and not the Consumer Reporting Agencies conduct, with respect to my claim against your client.

Interrogatory No. 6: My objections are appropriate. With respect to your claim that you do not know to which document I am referring, there was only one initial disclosure made on my behalf.

Interrogatory No. 7: My objections are appropriate. However, if you wish a more detailed explanation for the emotional distress I suffered, let me elaborate as follows:

Timothy P. Johnson, Esq.
Law Offices of Timothy P. Johnson
June 26, 2008
Page 2 of 3

> Persistent vasovagal syncope; Persistent trauma of disequilibrium; Abnormal emotional distress leading almost to cerebrovascular accident; Abnormal mental distress leading almost to cerebrovascular accident; Dysesthesia; Vasovagal reaction causing physical injury; Punctate lesions in the centrum semiovale; Punctate lesions in the cerebral hemispheres; Multilevel foraminal stenosis; Disruption of homeostasis through physical stimuli; Disruption of homeostasis through psychological stimuli; Neural circuitry involving the amygdala; Neural circuitry involving the hippocampus; Sensation of unease and discomfort with an urge to emesis; Persistent disturbing of normal physiologic equilibrium; Sympathetic automonic hyperactivity; Persistent trauma of stress not resolved through adaptation; Persistent somatic symptoms; Persistent cognitive symptoms; Persistent lugubriousness; Persistent melancholic mood; Persistent cephalalgias; Languidness; Psychophysiological somatized tension; Hypersomnia; Anxiety neurosis; Hypochondriasis; Dyspepsia; Syncope; Intellectual inertia; Exacerbating Hypertension; and Lethargy.

Interrogatory No. 9:   My objection is appropriate because your Interrogatory asks about a statute that does not exist, i.e. "15 USC §1681.2(b)".

Interrogatory No. 11: My objections are appropriate. However, if you are seeking additional information, in addition to what you have already received, you will need to specify a reasonable date and time.

Request for Production of Documents 1:   My objections are appropriate. However, if you are seeking additional documents, in addition to what you have already received, you will need to clarify what you mean by "each consumer account" and specify a reasonable date and time.

Request for Production of Documents 2:   My objections are appropriate. However, if you believe a letter from the original creditor stating that I am not responsible is not sufficient, then you will need to specify with clarity what type of document you are seeking.

Requests for Production of Documents 3 and 4:   My objections are appropriate. Your client's conduct is at issue, and not the Consumer Reporting Agencies conduct, with respect to my claim against your client.

Requests for Production of Documents 5 and 7:   My objections are appropriate. First, you are not entitled to any documents obtained by my representatives in anticipation of litigation or for trial. Second, your statement that, "Pinnacle has just appeared in this case and has not been served with any documents that you have previously produced" is blatantly false because I have proof of service for the documents you received.

Request for Production of Documents 8 and 9:   My objections are appropriate. Your request for a second set of "All discovery served in this lawsuit by any party and all responses to that discovery" and "All pleadings served in this lawsuit by any party" is for the sole purpose of harassment and needlessly increasing the cost of litigation. Furthermore, as stated in my letter of June 23, 2008, it was my intention to recommend that you and your client familiarize yourselves with Rule 26(g) of the Federal Rules of Civil Procedure. However, if you insist on receiving a

Timothy P. Johnson, Esq.
Law Offices of Timothy P. Johnson
June 26, 2008
Page 3 of 3

second set of "all" the documents in this case, then send me a prepayment of $100,000 in cashier's check and I will shut down my entire practice, abandon my cancer patients and my other professional duties, and spend all day making a second set of copies to comply with your unduly burdensome request.

How about ending this foolish unproductive behavior and focusing on the real issue. The issue with respect to your client is simple: Why was your client conducting business in the State of California without the proper registration and/or license, and why did your client re-age and verify the account to the Consumer Reporting Agencies after your client received a letter from the original creditor stating that I was, and am not responsible for the debt?

Sincerely,

*R. Michael Williams*

Robert Michael Williams, M.S., M.D., Ph.D.

cc:    Donald E. Bradley, Esq.
       Cindy W. Andrew, Esq.
       David L. Wallach, Esq.
       Thomas P. Quinn, Esq.
       Cara L. Hergenroether, Esq.
       Tomio Buck Narita, Esq.
       Jeffrey A. Topor, Esq.